# Diffey *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Constituents of offense.*—A conviction may be had for carrying a pistol concealed about the person (Code, § 3775), on proof that the defendant carried the pistol in a hand-basket on his arm, and placed the basket on a seat by his side while riding on a street car.

FROM the Criminal Court of Jefferson.

Tried before the Hon. SAM. E. GREENE.

The defendant in this case was indicted for carrying a pistol concealed about his person, and was convicted by the court, a trial by jury having been waived. "On the trial," as the bill of exceptions states, "the testimony offered by the State tended to show that the defendant, within twelve months before the finding of the indictment, and in said county, carried a pistol concealed in a hand-basket, which he carried in his hand, or on his arm, from his residence, some three or four hundred yards, to Steele's Station on the Bessemer Dummy Line, and placed the basket on a seat in the car. The testimony offered by the defendant tended to show that, while the pistol was carried in the basket, the basket was on a seat by his side in the dummy car; that the pistol was not concealed from view, but was lying on the top of some towels in the basket; that the defendant was a barber, and was at the time on his way to his shop in the city of Birmingham." On this evidence, the court found the defendant guilty, and he duly excepted to its ruling and judgment.

THOS. N. MCCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The evidence on which the defendant was convicted of carrying a concealed weapon was, that he had a pistol concealed in a hand-basket, which he carried in his hand, or on his arm, from his residence to a station on the street railway, a distance of three or four hundred yards, and when he entered the car, he put the basket on the seat beside him. The language of the statute is, "carries concealed about his person." In *Cunningham v.*

[Bodiford v. The State.]

*State*, 76 Ala. 88, where it was held that a person did not commit the offense who had a pistol in his saddle-bags, while riding on horseback along the public road, *about the person* was defined to mean, "that it is so connected with the person, as that the locomotion of the accused will carry the deadly weapon with him." The purpose of the statute is to interdict carrying a weapon in a manner so connected with the person, that it may be easily and promptly used, and yet others not discover its presence. *About* the person does not mean necessarily *on* the person. All the essential elements of the offense exist, if an interdicted weapon is carried near the person, and so connected therewith that the locomotion of the body necessarily carries the weapon, and so that it may be promptly used when desired; as in the pocket of an overcoat carried on the arm, or in a hand-basket, or other receptacle, held by the hand. Such carrying one of the forbidden weapons concealed, comes within the letter and purview of the statute, and constitutes the offense denounced. *State v. McManus*, 89 N. C. 555.

Affirmed.