[Ladd v. The State.]

# Ladd *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Signing bill of exceptions in vacation.*—A bill of exceptions may be signed in vacation, within the time fixed by an order of court entered in term time (Code, §§ 2761–2, note); and the time may be enlarged by one or more subsequent orders, each made before the expiration of the time fixed by the former order, and not extending in all beyond six months.

2. *General objection to evidence.*—A general objection to evidence, not specifying any particular ground of objection, may be overruled; and a specific objection, applicable only to a part of the evidence, may also be overruled.

3. *Continuity of offense; election.*—The act of carrying a pistol·concealed about the person (Code, § 3775) being continuous in its nature, the fact that the prosecution has proved that the defendant, when alighting from his buggy on meeting several persons, having his pistol in his hand, took a gun away from one of them, withdrew the cartridge from it, and then placed his pistol in a pocket where it could not be seen; this does not constitute such an election as to time and place as precludes the prosecution from showing that he had the pistol concealed about his person before he got out of the buggy.

4. *Constituents of offense.*—A conviction can not be had for carrying a pistol concealed about the person, on evidence showing that he had it under a rug in the bottom of the buggy in which he was riding.

FROM the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

The appellant in this case, Vincent. D. Ladd, was indicted, tried and convicted for carrying a pistol concealed about his person. The testimony for the State tended to show, that upon meeting David and Hugh Smith and James Johnson in a certain lane in Jackson county, Hugh Smith at the time driving a steer over to a neighbor's near by, the defendant, who was riding in a buggy with one Samuel Brown, stopped them, and asked them where they were taking that steer, which he claimed belonged to him; that the defendant got out of· his buggy, and, while holding his pistol in his hand, demanded of David Smith the gun, which he was carrying on his shoulder; that upon the gun being handed to him, he put his pistol in his pocket, where it could not be seen, unbreached the gun, and extracted from it the cartridges, or shells. The concealment·of the pistol, by thus putting it in his pocket, constituted the carrying by the defendant of a pistol concealed about his person, so far as shown by the evidence found in the bill of exceptions. The defendant's evidence was in direct conflict with

the State's evidence as above stated, and tended to show that
the defendant held the pistol in his hand while he was unload-
ing the gun, and all the rest of the time he was talking to the
said Smiths and Johnson. The defendant himself testified,
that he carried the pistol under a sheep-skin rug in the bottom
of the buggy. Upon the examination of the said Samuel
Brown, and after he had testified that he came with the de-
fendant in his buggy from South Pittsburg, Tenn., he was
asked by the solicitor, "Where did the defendant carry his
pistol as he came up from South Pittsburg?" The defendant
objected to this question, but did not assign any special ground
of objection. The court overruled his objection, and the de-
fendant duly excepted. In response to the said question, the
witness answered, that he did not know where the pistol was
carried.

The defendant requested the following written charges, and
separately excepted to the court's refusal to give each of them:
(1.) "If the jury believe from the evidence that the defendant
carried the pistol in his buggy, and not concealed about his
person, they should acquit the defendant." (2.) "If the jury
have a reasonable doubt as to whether the defendant carried
the pistol in his buggy, or as to whether he carried it concealed
about his person, the defendant is entitled to said doubt, and
the jury should acquit the defendant."

R. W. CLOPTON, for the appellant, cited *Smith v. State*,
52 Ala. 384; *McPherson v. State*, 54 Ala. 221; *McCullough
v. State*, 63 Ala. 75; *Cunningham v. State*, 76 Ala. 88;
*Gibson v. State*, 89 Ala. 122.

WM. L. MARTIN, Attorney-General, for the State, cited *Etress
v. State*, 88 Ala. 191; *Diffey v. State*, 86 Ala. 66; *Smith v.
State*, 79 Ala. 257; *Farley v. State*, 72 Ala. 170; 3 Brick.
Dig. 443, § 570; *Ib.* 111, §§ 83--86; *Ib.* 112, §§ 109--110. He
also moved to strike out the bill of exceptions.

WALKER, J.—1. By an order made during the term at
which the judgment was rendered, the court fixed the time in
which the bill of exceptions should be signed after the ad-
journment. The judge in vacation allowed several additional
extensions of the time so fixed. Each allowance of further
time was made before the expiration of the time fixed by the
next preceding order, so that there was no lapse or period
during which the bill of exceptions could not have been signed
under an existing order; and it was signed within the time
last allowed by the judge. The authority of the judge in this

regard was not exhausted by one extension of the time fixed during the term. Prior to the passage of the statute now regulating the subject, bills of exceptions were required to be signed during the term at which the trial of proceedings was had, or, by written consent of the parties, or their counsel, filed in the cause, at any time before the next succeeding term of such court, and not afterwards.—Code of 1886, § 2761 ; and Rule 30, p. 810. The present statute provides that, in no case, shall the time allowed by the order made during the term, or by the judge in vacation, exceed six months,—Acts of 1886-7, p. 126; Code of 1886, note to § 2762. The legislature recognized the fact, that it is often impracticable to prepare a bill of the exceptions during the term of the court at which they were reserved ; and the purpose of the statute was to relieve parties, in this particular, of any dependence upon their adversaries. The court, or the judge in vacation, may allow the further time which formerly could have been secured only by the consent of the parties or their counsel. The remedial operation of the statute is not to be restricted by a narrow construction. A fair interpretation of its language leads to the conclusion that, for good cause, the judge in vacation may, by one or more orders to that effect, extend the time fixed during the term, so long as the extension does not go beyond six months after the term. The motion to strike out the bill of exceptions is overruled.

2. The defendant failed to specify any ground of objection to the question propounded by the counsel for the State to the witness Brown. There was no error in disregarding such a general and undefined objection.—*Kansas City, M. & B. R. R. Co. v. Smith.* 90 Ala. 25. The objection now urged, that the question necessarily embraced the time when the defendant was in Tennessee, bears upon only a part of the question and of the answer thereto ; and if this ground of objection had been specified, the court could have limited the testimony to what occurred in Alabama. The objection was too broad. The sustaining of it would have operated to exclude competent as well as incompetent evidence.

3. There is nothing in the point now suggested, as a ground upon which said objection should have been sustained, that the prosecution had elected to rest the case against the defendant on the proof that he dropped the pistol in his pocket after he alighted from the buggy, and was thereby cut off from showing that before that time he had been carrying the pistol concealed about his person. The offense charged is continuous in its nature, and the inquiry could have been extended throughout the defendant's trip so long as he was in the State

[Dodd v. The State.]

of Alabama.—*Etress v. The State*, 88 Ala. 171; *Smith v. The State*, 79 Ala. 257.

4. There was evidence tending to show that, while the defendant was riding, the pistol was under a sheep-skin rug in the bottom of the buggy; that when the defendant alighted, he took the pistol from that place, and kept it in his hand, and that it was not concealed about his person at any time. If the jury believed from the evidence that this was the correct version of the transaction, the defendant should not have been convicted. He was entitled to an acquittal, unless he carried a pistol concealed *about* his person.—Code of 1886, § 3775. While it is not necessary to a conviction that the pistol was carried *on* the person, yet it must have been so connected therewith that the locomotion of the body carried with it the weapon as concealed. When one's weapon is in a vehicle in which he is riding, and not attached to his person at all, it can not be said to be concealed about his person within the sense of the statute.—*Cunningham v. The State*, 76 Ala. 88. In *Diffey v. The State*, 86 Ala. 66, the proof was that the pistol was concealed in a hand-basket, which the defendant carried in his hand, or on his arm. There the concealed weapon accompanied the defendant in his movements, the same as if it had been in his coat pocket. In this case, on the above mentioned aspect of the evidence, the pistol was not so connected with the person of the defendant as to go with him in his movements. When referred to this aspect of the evidence, the first charge requested by the defendant was correct, and the Circuit Court erred in refusing to give it. For this error, the judgment must be reversed.

Reversed and remanded.

*Indictment for Carrying Concealed Weapons..*

