# Brewer *v.* The State.

## Indictment for Carrying Concealed Weapons.

1. *Carrying concealed weapons; when butcher knife within the provisions of the statute.*—A knife in the shape of a butcher's knife, eleven inches long, including the blade and handle, old and worn down on the sharp side in the middle of the blade and coming to a sharp point, is a knife "of like kind or description" as a bowie knife, within the intent and meaning of section 3775 of the Criminal Code of 1886, forbidding the carrying of concealed weapons.

2. *General affirmative charge; should not be given when the evidence only tends to show defendant's guilt.*—Where the evidence introduced in the trial of a criminal case only *tends* to show the defendant's guilt, it is error for the court to instruct the jury that if they believe the evidence beyond a reasonable doubt, they must convict.

[Brewer v. The State.]

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

The appellant was tried and convicted under the following indictment : "The grand jury of said county charge that before the finding of this indictment that Marvin Brewer carried a bowie knife, or knife or instrument of like kind or description concealed about his person, against the peace and dignity of the State of Alabama."

On the trial of the case, as is stated in the bill of exceptions, the evidence introduced tended to show that "In Dale county, and within the time covered by the indictment, the defendant, Marvin Brewer, carried concealed about his person a knife of the following description, of the shape commonly known as a butcher's knife, about eleven inches in length, including blade and handle, old and worn down on the sharp side in centre of blade, a drawing of which knife is given below, and which is an accurate draft of the knife introduced in evidence as the one carried by defendant."

This being substantially all the evidence, the court at the request of the State gave to the jury the following written charge : (1.)  "If the jury believe all the evidence in this case beyond a reasonable doubt, they must find the defendant guilty."  To the giving of this charge the defendant duly excepted, and also separately excepted to the court's refusal to give each of the following written charges requested by him : (1.) "If the jury believe the evidence, they must find the defendant not guilty." (2.) "If the evidence only shows that the defendant carried concealed about his person a common butcher's knife, such as is used by butchers in their business, they must acquit defendant."

No counsel marked for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—A knife, having the shape of what is commonly known as a butcher's knife, eleven inches in length including the blade and handle, old, and worn down somewhat in the middle of the blade on the sharp side and coming to a sharp point—the knife shown by the full size drawing which is a part of the bill of excep-

[Burrage v. The State.]

tions in this case—is a knife "of like kind or description" as a bowie knife, within the intent and meaning of section 3775 of the Code.—*Sears v. State,* 33 Ala. 347.

But the trial court nevertheless erred in giving the affirmative charge requested for the State. The bill of exceptions shows that all the evidence introduced *tended* to show that the defendant carried such a knife concealed about his person. The jury might have believed all this evidence to be true, and yet not have found its tendency to establish the fact in issue sufficiently strong to warrant them in returning a verdict of guilt. The charge given took away from them the right to weigh evidence, which, as stated in the bill of exceptions, did not if believed necessarily show guilt, but only *tended* in some degree to show guilt.

The charges requested by defendant were properly refused.

Reversed and remanded.