# Greene v. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Limitation of prosecution: what necessary to prevent bar.*—In the prosecution for a misdemeanor, in order to avoid the bar of the statute of limitations, (Code, § 5071), on the ground that the prosecution was commenced before a justice of the peace within twelve months from the commission of the offense, upon which warrants were issued and this prosecution was pending when the indictment upon which the trial was had was preferred, but was abandoned by the prosecuting attorney, and there was shown no connection between the said prosecution and the indictment, such facts do not avoid the bar of the statute of limitations, as against an indictment which was preferred after the expiration of twelve months.

APPEAL form the County Court of Sumter.

Tried before the Hon. W. R. DeLoach.

The facts of the case are sufficiently stated in the opinion.

C. J. Brockway, for appellant.—The prosecution before the justice of the peace, can in no sense be said to be the commencement of the prosecution upon the indictment in this case. See *Martin v. The State,* 79 Ala. 267; *Bube v .The State,* 76 Ala. 73; *Giles v. The State,* 88 Ala. 23.

Massey Wilson, Attorney-General, for the State.

TYSON, J.—This appeal is from a judgment of conviction by the judge of the county court of Sumter county for carrying a pistol concealed in April, 1899, up-

on an indictment preferred by a grand jury of the circuit court at the spring term 1903, and properly transferred to the county court.—Local Acts, 1898-99.

It appears that the offense was committed in April, 1899, four years before the finding of the indictment.

The record discloses, it is true, that a prosecution was commenced in December, 1899, for this same offense by affidavit made before a justice of the peace upon which warrants were issued returnable to the county court. This prosecution was pending when the indictment upon which this trial was had was preferred, but was abandoned by the prosecuting attorney.

It is clear from this statement, no connection between the two prosecutions being properly shown so as to prevent the running of the statute of limitation, that this prosecution was barred.—Code, § 5071.

It is true section 5074 provides that "a prosecution may be commenced within the meaning of this chapter, by the issuing of a warrant or by binding over the offender." But this statute contemplates that there must be some connection between the prosecution before the justice of the peace and this one before the former can operate to suspend the running of the statute. "The indictment in other words, must be the continuance in legal effect of what was commenced or originated before the justice. One legal proceeding can in no sense be said to be the commencement of another, when the two are so far separated and distinct to be entirely without continuity or connection."—*Martin v. State,* 79 Ala. 268. See also *Giles v. State,* 88 Ala. 230.

The defendant was entitled to an acquittal on his plea of the statute of limitation. The judgment appealed from is reversed and one will be entered discharging the defendant from further custody.

Reversed and rendered.