[King v. The State.]

# King *v.* The State.

*Assault With Intent to Murder.*

(Decided June 5, 1907.  44 South. 200.)

1.  *Criminal Law; Evidence; Direction of Verdict.*—Where it appears from the bill of exceptions that the evidence tended to establish certain facts and defendant offered no testimony the affirmative charge to find defendant guilty was improperly given.

2.  *Limitation; Suspension.*—The running of a statute of limita tion against a prosecution is not suspended by the taking out of a warrant and affidavit, under section 5074, Code 1896, unless the offense for which the original prosecution is instituted is the same as that for which the defendant is being presently prosecuted.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Tom King was convicted of an assault with intent to murder and appeals.  Reversed and remanded.

The indictment in this case was preferred on the 6th day of April, 1907.  The evidence, as stated by the bill of exceptions, is that the testimony for the state tended to show that some time in the month of April, 1900, the defendant waylaid and shot the witness Doc Rabb, but did not seriously injure him, etc.  The evidence further tended to show that on the night of the shooting an affidavit was made against the defendant, and a warrant for his arrest was issued by the judge of the county court of Monroe county, but that defendant was never arrested under said warrant.  It was shown by the then and present judge of the county court that no alias warrants were issued by them against the defendant for this offense, and there was no evidence of any other warrant having been issued.  The defendant requested the general affirmative charge, which the court refused, and the court gave the general affirmative charge for the state.

[King v. The State.]

McCORVEY & HARE, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

McCLELLAN, J.—The appellant was convicted of an assault with intent to murder one Rabb. The bill of exceptions recites that "the evidence on the part of the state tended to establish the following facts:  *  *  *" The defendant offered no testimony. The "facts" tended to be established by the evidence were to the effect that the defendant waylaid the victim and shot him. The general affirmative charge was given for the state. This was error. Such an instruction took from the jury the right to weigh the testimony, which did not necessarily establish guilt beyond a reasonable doubt, but tended only to that result.—*Brewer's Case*, 113 Ala. 106, 21 South. 355.

In regard to the statute of limitations, the benefit of which the appellant sought by a request for an instruction directing his acquittal, this record does not affirmatively show that the warrant issued by the judge of the county court was for the offense, or a lesser degree thereof, for which appellant was indicted. The commencement of the prosecution (section 5074, Code 1896), which suspends the operation of the statute of limitations, must be of an offense a continuance of which is found in that charged in the indictment.— *Green's Case,* 139 Ala. 157, 36 South. 773.

For the error indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, J.J., concur.