[Fidelity & Deposit Company of Maryland v. The Art Metal
Construction Company.]

# Fidelity & Deposit Co. of Maryland *v.* The Art Metal Construction Co.

*Action on Supersedeas Bond.*

(Decided May 24, 1909.   Rehearing denied June 30, 1909.
50 South. 186.)

1. *Detinue; Judgment.*—A judgment in detinue should be in the alternative, either for the property and for the value of its detention to the time of judgment, or for the value of the property assessed by the jury, and the amount for the detention to the time of judgment.

2. *Detinue; Election; Effect.*—Where a plaintiff obtains judgment in detinue, and elects to take the assessed value of the property, he cannot recover for the use of the property pending the affirmance of the judgment on appeal, although bond was given to secure him for all damages resulting from the taking of the appeal.

3. *Election of Remedy; Effect.*—Where one cognizant of all the facts adopts one of two or more inconsistent remedies, this is a bar to a resort to the alternate remedy.

4. *Charge of Court; Effect of Evidence.*—Where the court of its own motion charges that if the jury believe the evidence, they must find for the plaintiff, it is a charge on the effect of the evidence violative of section 5362 and 5364, Code 1907.

5. *Costs; Attorney's Fees; Right to Interest.*—Where there is no proof that attorney's fees have been paid or that interest is claimed thereon, recovery for interest on account of attorney's fees sought to be recovered cannot be had.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

The Art Metal Construction Company sued the Fidelity & Deposit Company of Maryland upon a supersedeas bond, for the assessed value of property recovered in detinue by it previous to the appeal that the bond was given to secure, and there was judgment for plaintiff, and defendant appeals.   Reversed and remanded.

. WILLETT & WILLETT, for appellant.—In detinue a judgment plaintiff can refuse to receive the alternate

[Fidelity & Deposit Company of Maryland v. The Art Metal Construction Company.]

value and insist upon a recovery of the property.—*Williams v. Barnes,* 49 Ala. 136. To permit plaintiff to exercise the election here sought would be to permit him to pursue two inconsistent remedies, which cannot be done.—*Williams v. Jones,* 77 Ala.; *Hurd v. Hix,* 101 Ala. 102. Where a person has a right to elect and makes an election, he is bound by it.—*Adams v. Sayre,* 76 Ala. 515; *McQueen v. Whetstone,* 127 Ala. 417; *Wilson v. Stephens,* 129 Ala. 639. When a plaintiff in detinue elects to take the assessed value of the article sued for and damages for detention, the owner is the defendant, and the judgment is to be treated as one for money.— *Ellis v. Gosney,* 7 J. J. Marshall 109; 6 Ency. P. & P. 662. The charge of the court was on the effect of the evidence, and violative of certain provisions of the Code.— Sec. 5362 and 5364, Code 1907; *Gaynor v. L. & N.,* 136 Ala. 244, and cases therein cited.

BLACKWELL & AGEE, for appellee.—While there are no cases in point, there are numerous authorities which are similar, and which uphold the action of the trial court.—*Cahill v. Citizens M. B. Assn.,* 74 Ala. 539; *Leach v. Carthaus,* 135 Ala. 396; *Miller v. Vaughan,* 78 Ala. 323; *Hughes v. Hatcher,* 55 Ala. 539. See also *Wilson v. Barnes,* 49 Ala. 134. Plaintiff was entitled to interest on attorney's fees and damages.—Sec. 4620, Code 1907. The charges were not upon the effect of the evidence.—*Sloss v. Inman,* 129 Ala. 430. Error without injury is not cause for reversal.

SIMPSON, J.—This is an action by the appellee against the appellant on a supersedeas bond given on appeal to this court from a judgment in a detinue suit. The judgment in the detinue suit (March 22, 1905) was for certain property therein described, valued at $1,-

264.09, and for the detention thereof of $126.40. The judgment was affirmed in this court on November 14, 1907, and it was adjudged that the appellant and surety "pay the amount of the judgment of the city court, and 10 per centum damages thereon, and interest on the damages for the detention," and costs. After the affirmance of the case the plaintiff elected to take the alternate value of the property, together with the damages for the detention, and on the 11th of December, 1907, the defendant paid the same as follows:

| | | |
|---|---:|---:|
| Alternate value of property as assessed____$ | 1,264 | 09 |
| Judgment for use or detention, March 22, 1905 __ ·__ _____ | 126 | 40 |
| Interest on same to December 11, 1907_____ | 27 | 52 |
| Ten per cent damages on alternate value and judgment __ __ _____ | 139 | 04 |
| Interest on $139.04, November 14 to December 11, 1907 _____ | | 84 |
| | $1,557 | 89 |
| Also costs _____ | 141 | 65 |
| Total __ _____ | $1,699 | 54 |

The claim for damages, in the complaint, is based on complainant's being deprived of the use of the property from April 8, 1905, to December 12, 1907, and also for attorney's fees, for services in this court. Judgment was rendered for $447.09, and from that judgment this appeal is taken.

The gist of the defense made by the pleas is that the plaintiff, having elected to take the alternate value in place of the property itself, cannot now claim for the use of the property since the judgment was rendered.

The judgment in the action of detinue is in the alternative, either for the property and for the value of the detention up to the time of judgment, or for the value of the property as assessed by the jury and the amount for the detention up to the time of judgment. "The definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy."—7 Ency. Pl. & Pr. 364. The Supreme Court of Kentucky has said, in a detinue case: "If they elect to take the assessed value, * * *surely they should not be allowed for his hire since the judgment."—*Ellis v. Gosney's Heirs*, 7 J. J. Marsh. 109. It needs no authority or argument to show that the plaintiff can take but one of the alternatives.

The plaintiff says, however, that the bond was given to secure it from all damages resulting from the taking of the appeal, and that it has not been placed in as favorable a position as it would have been in if the appeal had not been taken. That may be; but it does not necessarily follow that it may combine its remedies by taking the alternate value and the use of the property also. At the time this supersedeas bond was given, the plaintiff had judgment for the property or the alternative value. The question then would be: What damage has it suffered by reason of the fact that it has been postponed in the realization on that judgment? If the claim had been for the difference between the money which it would be entitled to at the time of settlement, on the money judgment, which it elected to take, and the total amount which it did receive, we will not say that it would not be entitled to recover. But the complaint claims only for the use of the property, which it is not entitled to; so the court erred in instructing the jury

[Prestwood v. Carlton.]

that plaintiff was entitled to recover for the use of the property.

The court's oral charge, which was given ex mero motu, and not on written request, that "if they believe the evidence they must find for the plaintiff as to the claim for attorney's fees," was a charge on the effect of the evidence, and erroneous.—Code 1907, § 5362, 5364; *Gaynor, Adm'x, v. L. & N. R. R. Co.*, 136 Ala. 244, 258, 33 South. 808.

It was also error to instruct that jury that plaintiff was entitled to recover interest on the amount of attorney's fees, as there was no proof that the same had been paid, or that it was claimed.

It is unnecessary to discuss specially the points raised by the pleadings, as the same general principles herein announced run through them all. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.