# Carter *v.* The State.

### *Practicing Medicine Without License.*

(Decided Feb. 1, 1912. 57 South. 1022.)

1. *Physician and Surgeon; Practicing Without License; Affidavit*— An affidavit charging that within a specified time and within twelve months, defendant did practice medicine or surgery without a license, and contrary to law, follows the language of section 7564, Code 1907, and the forms prescribed by law, and is, therefore, sufficient.

2. *Same; Instruction; Directing Verdict.*—Where the defendant's testimony tended to show that he had not treated or offered to treat any disease of any human being, but had merely made medicines or teas from roots and herbs gathered from the woods, and had sold it to people who came for it, the state was not entitled to the affirmative charge under an indictment for practicing medicine without license.

3. *Charge of Court; Directing Verdict.*—Where there is a conflict in the testimony, or where the evidence as a whole does not necessarily show guilt, the state is not entitled to have the verdict directed.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

[Carter v. The State.]

Charlie C. Carter was convicted of practicing medicine without a license, and he appeals. Reversed and remanded.

The affidavit is as follows, omitting formal charging part: "That in Pike county, within twelve months before making this affidavit, Charlie C. Carter did practice medicine or surgery without a license and contrary to law."

CULL WALKER, and W. E. GRIFFIN, for appellant. The affidavit should have been quashed or the demurrers sustained thereto.—*Nelson v. The State,* 97 Ala. 80; *Brooks v. The State,* 88 Ala. 122. The court erred in giving the affirmative charge for the state.—*Nelson v. The State, supra.*

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient.—Form 84, p. 675, Criminal Court; *Coleman v. The State,* 150 Ala. 64. No abuse of discretion was shown in the refusal to grant a continuance.—*Davis v. The State,* 92 Ala. 20; *Brewer v. The State,* 160 Ala. 6. The state was entitled to the affirmative charge.—*Bell v. The State,* 104 Ala. 79; *Bragg v. State,* 134 Ala. 165.

WALKER, P. J.—The charge in this case was made in the form prescribed for the offense provided for by section 7564 of the Code.—Code, § 7161, form 84. Its sufficiency was not open to question by demurrer or otherwise.—*Coleman v. State,* 150 Ala. 64, 43 South. 715; *Jones v. State,* 136 Ala. 118, 34 South. 236; *Noles v. State,* 24 Ala. 72.

The evidence on the trial was not such as to warrant the giving of the general affirmative charge in favor of the state. Such a charge should not be given, where

8 CA.

the evidence as a whole does not necessarily show guilt. —*King v. State*, 151 Ala. 12, 44 South. 200. The testimony of the defendant, examined as a witness in his own behalf, tended to show that he had not treated or offered to treat any disease of any human being in any way whatever, "but that he merely made his medicine or tea from roots and herbs gathered from woods near by, and sold to people who came to his tent for it." This testimony tended to rebut the incriminating evidence that had been offered by the state, and made the question of guilt vel non one for the jury. The court was in error in giving the charge referred to.

Reversed and remanded.