# Nichols v. The State.

### Carrying Concealed Weapon.

(Decided April 9, 1912. 58 South. 681.)

1. *Carrying Concealed Weapon; Jury Question; Carry; Bear.*—Where the evidence merely showed that two witnesses saw the defendant put a pistol in a pan but did not see where he got it, and only saw it while it was in his hand, it was error to instruct the jury to find the defendant guilty, as it was for the jury to say whether the accused carried the pistol in the sense of bearing arms.

2. *Trial; Province of Court and Jury.*—The drawing of inferences from the evidence is within the province of the jury and not of the court, and hence, it is error to give the affirmative charge where there are inferences to be drawn from the evidence reasonably, which conflict with the case attempted to be made.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

George Nichols was convicted of carrying concealed pistol and he appeals. Reversed and remanded.

F. R. BRANNEN, for appellant. Counsel insists that Acts 1909, p. 258, is unconstitutional as violative of sections 22, 45, 105, and 108, Constitution 1901, and in support thereof cites.—14 Ala. 627; 65 Ala. 193; 73 Ala. 480; 95 Ala. 521; 106 Ala. 501. He further insists that the court erred in directing a verdict against the defendant, but cites no authority in support thereof.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The

statute is constitutional.—*Isaiah v. The State,* 58 South. 83· The court properly assessed the solicitor's fee of $30.—Sec. 6634, Code 1907.

PELHAM, J.—The affidavit on which the defendant was tried was framed under the provisions of section 2 of the act of the Legislature passed at the special session in 1909 to regulate the right to carry a pistol in this state (Acts 1909, p. 258), which is as follows: "Sec. 2. It shall be unlawful for any person to carry a pistol about his person on premises not his own or under his control," etc. The defendant's demurrers to the affidavit, assailing the constitutionality of this act, have been passed upon adversely to the appellant's contention by the Supreme Court *(Jacob Isaiah, alias, etc., v. State,* 58 South. 53) and the trial court committed no error in overruling the demurrers.

The state examined two witnesses, and their testimony, in substance, was to the effect that they went into the front room of a house where the defendant and several other persons were in an adjoining back room; that, upon entering the front room, they heard a noise in the back room, a kitchen; that they went to the door opening into this room, and could then see the defendant in the kitchen behind the stove; that they saw him reach over a meal pan and lay or drop a pistol in this pan that was sitting on the floor with meal in it; that they did not see where the defendant got the pistol, but only saw it in his hand for a moment as he was in the act of putting it in the meal pan; that they did not know how long defendant had it in his hand, and only saw it in his hand as his hand moved in the direction of the meal pan; that they had not seen the defendant until they looked through the door into the back room. The evidence showed without conflict that the premises were not those of the defendant nor under his control.

The defendant and state each requested the general charge, and the court gave the charge on behalf of the state.

There was no direct, positive testimony of the main fact necessary to a conviction, and, while there was no conflict in the evidence, the conclusion of guilt was not the only one warranted to be drawn from the undisputed testimony. This is a criminal statute, and must be strictly construed. The word "carry," as used in the statute, is synonymous with "bear," and, under the facts in this case, the court should have submitted the question to the jury to determine, from the surroundings and attendant circumstances, whether the defendant, having been seen with the pistol in his hand while in the act of putting it in the pan, was carrying it in the sense of bearing arms, in violation of the statute, on premises not his own or under his control. Even though possession of the pistol may be said to be sufficient to constitute the offense of carrying, yet the possession must necessarily be of such a character as to carry with it the intent to bear arms, the evil at which the statute is directed, and a violation of which it seeks to punish. The evidence in this case, while possibly sufficient to warrant the jury in drawing the necessary inferences of guilt from the facts proven, is not in itself sufficient to prove the main fact essential to a conviction without the necessity of drawing such inferences from circumstances attending the proven facts, and the right to draw these inferences when different conclusions may be reached is the province, not of the court, but of the jury.

Inferential facts are to be drawn by the jury from proven facts.—*Burke v. State*, 71 Ala. 377. And if the tendencies of the evidence go to support the charge, or afford inferences to that end, the question, unless so

palpably inconclusive as to fail to make out a prima facie case, is not for the court, but is properly submitted to the jury.—*Way v. State,* 155 Ala. 52, 46 South. 273. The court is not authorized to draw inferences. The jury is the only proper tribunal to draw inferences from the proof.—*W. U. Tel. Co· v. Louisell,* 161 Ala. 231, 50 South. 87.

The general affirmative charge should never be given against a defendant when it takes from the jury the right to weigh the testimony and especially when there are inferences that may be drawn from the evidence that do not necessarily establish the defendant's guilt beyond a reasonable doubt.—*King v. State,* 151 Ala. 12, 44 South. 200; *Brewer v. State,* 113 Ala. 106, 21 South. 355.

The court was in error in giving the state the general charge on the evidence introduced, and the case must be reversed.

Reversed and remanded.