# Posey *v.* The State.

### *Carrying Concealed Weapon.*

(Decided May 30, 1912.   59 South. 234.)

1. *Carrying Concealed Weapons; Offense; Evidence.*—Where one while on premises not his own or under his control, borrows a pistol to shoot at a bottle in a corner of the room, and after shooting at the bottle steps to the counter in the room and lays the pistol down, such one violates Acts 1909, p. 258.

2. *Same; Statute, Validity.*—Acts 1909, p. 258, is not unconstitutional.

APPEAL from Bessemer City Court.

Heard before Hon· J. C. B. GWIN.

Otto Posey was convicted of carrying a concealed pistol, and he appeals. Affirmed.

[Posey v. The State.]

PERDUE & COX, for appellant. The act is unconstitutional.—Sec. 15, Constitution 1901; *Reach v. The State,* 94 Ala. 113; Sec. 26, Constitution 1901; *State v. Reid,* 1 Ala. 612; *Ex parte Byrd,* 84 Ala. 17; *Miller v. Jones,* 80 Ala. 89. The intent with which a pistol is carried is immaterial.—*Barker's case,* 126 Ala. 83; *Fielding's case,* 135 Ala. 56; 101 Am. St. Rep. 215. The acts testified to in this case do not constitute carrying a pistol about one's person.—*Boissen v. The State,* 15 S. W. 118; *State v. Chipley,* 33 Atl. 438; *Morefield v. The State,* 5 Lea 348; 39 Mo. App. 120. It was merely a momentary handling, and does not import a carrying.—23 Tex. App. 492; Id. 520; 107 S. W. 837.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. This case should be affirmed on the authority of *Isaiah v. The State,* 58 South. 53.

WALKER, P. J.—That the statute which undertook to create the offense for which the appellant (defendant below) was prosecuted is a constitutional enactment has been determined in the case of *Isaiah v. State* (Sup.) 58 South. 53.

There was evidence tending to show that the defendant, while on premises not his own or under his control, borrowed a pistol "to shoot at a bottle in the corner of the room, and, after shooting at the bottle, he stepped to the counter and laid it down." A question is raised as to the sufficiency of such evidence to show a carrying of the pistol by the defendant about his person, within the meaning of the statute (Acts of Ala. Special Session 1909, p. 258), which declares that "it shall be unlawful for any person to carry a pistol about his person on premises not his own or under his control." It is settled in this state that, where one's relation to a con-

cealed pistol is such that it accompanies him in his movements, he is regarded as carrying it about his person within the meaning of the provision of the statute on that subject.—*Warren v. State,* 94 Ala. 79, 10 South. 838; *Ladd v. State,* 92 Ala. 58, 9 South. 401; *Diffey v. State,* 86 Ala. 66, 5 South. 576. One who takes a pistol in his hand, shoots it, and then returns it to the place from which it was obtained, may be said to carry it about his person, within an accepted meaning of that word, as he bears it, or conveys or transports it, from one place to another.—Webster's Dictionary. The contention that the evidence on the trial did not show that any offense was committed, and that therefore it should have been excluded on the motion of the defendant, cannot be sustained.

Affirmed.