# Bonner *v.* The State.

## *False Pretense.*

(Decided April 8, 1913.   62 South. 337.)

1. *False Pretense; Elements; Signature to Written Instrument.*—
The offense denounced by section 6921, Code 1907, is complete when
the signature is obtained with intent to injure or defraud, and the
fact that defendant afterwards paid the note, would not make him
the less guilty; if the signature was obtained without intention to de-
fraud, and afterwards through neglect or misfortune defendant fail-
ed to pay it, and the person whose signature he obtained had to
pay the note, the defendant would not be guilty of intent to injure or
defraud when he obtained the signature.

2. *Same; Evidence.*—In a prosecution under section 6921, Code
1907, the facts that the party whose name was so obtained had to
pay the note, and that defendant had never paid it, were not admissi-
ble, since the offense was complete, if committeed, at the time the
signature to the note was obtained.

3. *Same.*—Where the prosecution was for obtaining the signature
of a certain person to a note by false pretense as to the ownership
of land, a mortgage given by defendant was admissible as showing
that he had already parted with his title to the land.

4. *Same.*—Under the evidence in this case, it was a question for
the jury to determine whether defendant obtained the signature with
intent to injure or defraud the person signing.

5. *Evidence; Foreign Statute; Certificate.*—A transcript of a for-
eign statute properly certified by the Secretary of State of such
state, is admissible in evidence under section 3988, Code 1907.

6. *Trial; Province of Court and Jury.*—Where the evidence is with-
out conflict, but different inferences may be drawn therefrom, or
where the facts testified to by the witnesses pointing to the guilt of
a defendant, rests in inferences that are to be drawn from them,
his guilt or innocence becomes a question for the jury, and the gen-
eral charge for the state predicated upon a belief of the testimony by
the jury should not be given.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

J. B. Bonner was convicted of obtaining the signa-
ture of a certain named person to a note by false pre-
tense with intent to injure and defraud, and he appeals.
Reversed and remanded.

[Bonner v. The State.]

WILLIAM H. SHAW, JACKSON & DELONAY, and JOSEPH H. NATHAN, for appellant.   It was not competent to show that the person signing the note had it to pay, and defendant had failed to pay it, since the offense was complete, if it committed at all, when the signature was obtained.—*Meek v. State,* 117 Ala. 122.   The court erred in admitting the mortgage executed by defendant conveying his land.—*Swift v. Fitzhugh,* 9 Port. 39; 1 Greenl. Evi. sec. 485-a.   The court was in error in giving the general charge for the state.—*Taylor v. State,* 121 Ala. 24; *Brewer v. State,* 113 Ala. 106.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was indicted for obtaining the signature of one Mingo White to a note by false pretenses, in violation of the provisions of section 6921 of the Criminal Code.

On the trial, Mingo White as a witness for the state testified to the circumstances under which his signature was obtained, whereupon the solicitor asked the witness if he had to pay the note, and he testified that he did. The defendant made seasonable objection to this question, and reserved an exception to the court's action in overruling the objection and refusing to exclude the answer.   The offense was complete, if committed at all, at the time the signature was obtained to the note.   If the signature was obtained to the note by means of false pretenses with intent at the time to injure or defraud, this constitutes the offense prohibited by the statute; and, if he repented afterwards and paid the debt evidenced by the note, he would be none the less guilty by reason thereof; or should he have obtained the signature without an intent to injure or defraud at the time,

and afterwards through neglect or misfortune failed to pay it, and the person whose signature he obtained did pay it, this would not make him guilty of an intent to injure or defraud at the time of obtaining the signature.

The court was in error in overruling the defendant's objection to the question.—*Meek v. State*, 117 Ala. 116, 122, 23 South. 155; *McIntyre v. State*, 1 Ala. App. 200, 204, 55 South. 639. For the same reason the court was in error in permitting the witness to testify over the objection of defendant that the defendant had never paid the note in question.

The mortgage executed by the defendant introduced in evidence was competent for the purpose of showing that the defendant had parted with the title to the land in question, and the conveyance by the mortgagee to a third person was probably competent along the same lines; yet this is doubtful, as the defendant's connection with the latter transaction is not shown by anything set out in the bill of exceptions. The certified copy of the mortgage was properly admitted under the provisions of the federal statutes.—3 Fed. St. Ann. p. 37, § 905. The certified copy of the statutes of Tennessee was properly admitted.—Code, § 3988.

We do not think the evidence set out in the record justified the court in giving the general charge for the state. Even though it is without conflict, different inferences might be drawn from the evidence, and, where the facts testified to by the witnesses pointing to the guilt of the accused rest in inferences that are to be drawn from them, it is not proper for the court to give the general charge for the state, predicated upon a belief of the testimony by the jury.—*Taylor v State*, 121 Ala. 24, 25 South. 689. Granting that there was uncontradicted proof of the signature having been obtained

[King v. The State.]

by false pretenses, from which no conflicting contra inference might be drawn, still the question of whether the defendant obtained the signature with an intent to injure or defraud should not have been taken from the jury. "The jury is the only proper tribunal to draw inferences from the proof.—*W. U. Tel. Co. v. Louisell*, 161 Ala. 231 [50 South. 87]"; *Nichols v. State*, 4 Ala. App. 115, 58 South. 681.

For the errors pointed out, the case must be reversed. Reversed and remanded.