## Johnson v. The State.

*Carrying Concealed Weapons.*

(Decided November 26; 1914.   66 South. 875.)

*Weapons; Concealed; Jury Question.*—Where defendant testified that he found the pistol on the ground and picked it up, and never moved from the spot until after it was taken from him, this was sufficient to take the question of his guilt to the jury, and the state was not entitled to have the verdict directed.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Golden Johnson was convicted of carrying a weapon on premises not his own, and he appeals. Reversed and remanded.

BARNES, DENSON &, DENSON, for appellant. On the authority of Nichols v. State, 4 Ala. 115, the court erred in giving the general charge for the state.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Under the evidence defendant was guilty of violating the provisions of Acts 1909, p. 258, and the court properly directed the verdict.

PELHAM, P. J.—The defendant was indicted for carrying a pistol concealed about his person on premises not his own or under his control. The indictment was framed under the provisions of the act approved August 26, 1909, to regulate the right to carry a pistol in this state.—Acts 1909, p. 258.

In the trial court two witnesses were examined in behalf of the state, who testified, in substance, that they saw the defendant, on private property not his own or under his control, with a pistol in his hand; that the defendant had the pistol in his hand but a very short time, holding it behind his back during part of the time, when one of the witnesses stepped up to him and took it out of his hand. Neither of the state's witnesses saw where the defendant got the pistol. The first time they saw it, the defendant had it in his hand. The defendant as a witness in his own behalf testified that he picked it up from the ground immediately before the state's witnesses saw it in his hand; that a companion who was with him reached for the pistol when he picked it up, and that he then held it behind his back, telling his companion to "wait," whereupon the state's witness took it; that the pistol was not his; that he did not carry it on the premises, but found it there on the ground, and did not have it in his hand more than two minutes when it was taken

out of his hand. All of the testimony was to the effect that the defendant did not "move out of his tracks" from the time he was seen with his pistol in his hand until it was taken from him.

Under this state of the evidence, the court was in error in giving the general charge for the state. The conclusion of guilt was not the only inference that could properly be drawn from the evidence, and the case should have been submitted to the jury to draw such inference or inferences from the evidence as they, as the sole triers of the facts authorized to draw inferences, deemed proper and justified. There is no distinction, in the principle of law announced, between the instant case and *Nichols v. State,* 4 Ala. App. 115, 58 South. 681, and it is applicable here.

Reversed and remanded.