# Smith v. The State.

## Carrying Concealed Weapons.

(Decided June 17, 1915. Rehearing denied July 19, 1915. 69 South. 350.

1. *Weapons; Concealed; Evidence.*—The evidence examined and held sufficient to require a submission to the jury of the question whether defendant was guilty of a violation of Acts 1909, p. 258.

2. *Charge of Court; Degree of Proof.*—Since the state is not bound to establish the fact of guilt, but only to prove it beyond a reasonable doubt. a charge asserting that if the evidence only establishes the fact that defendant threw the pistol out of the window, he could not be convicted of carrying concealed weapons, required a too high degree of proof.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Enoch Smith was convicted of carrying concealed weapons, and he appeals. Affirmed.

The facts sufficiently appear from the opinion. Charge 2 is as follows: If the evidence only establishes the fact that the defendant threw the pistol out of the window, you cannot convict him.

E. R. BRANNEN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

BROWN, J.—The defendant was tried on a charge of carrying a pistol concealed about his person or on premises not his own or under his control, in violation of the statute (Acts Sp. Sess. 1909, 258).

(1) The only question presented is whether the evidence was sufficient to justify a submission of the case to the jury; the defendant contending that the evidence shows without room for adverse inference that the pistol belonged to Cephus, and that it was on the mantel in Cephus' house when defendant picked it up and threw or shoved it through the window. The state's witness Green testified: "That he was searching the bed in the room and turning back the mattress; that while doing this he saw the defendant's hand pass from in front of his body and shove a pistol through the window, breaking out the glass; that it appeared as though he took the pistol out of his clothes somewhere about his breast; that defendant's face was towards the window, and he (witness) was back of him about eight feet and a little off to one side; that the pistol was shoved through the window at a point on a level with defendant's breast, and near on a level with the mantel or shelf over the fireplace; that he did not see the pistol until just as it broke the glass going through it, but saw the movement of the defendant's arm as it went to the window."

[Smith v. The State.]

The witness Hamil testified: That he (witness) was standing in the door of the room while Green searched the house; "that defendant was standing in front of the window on the side of the fireplace with his back to the witness; that he saw the defendant's arm pass quickly from in front of his body, and saw the pistol as it was shoved through the window, breaking the glass; that he did not see the pistol until it was in the act of going through the window."

The evidence showed without dispute that the premises were not those of the defendant, nor under his control; that he had gone to this place to a party; and that the house belonged to, and was in the control of, Cephus. The evidence on the part of the defendant tended to show that the defendant took the pistol from the mantel and shoved it through the window to keep Green and Hamil, who were deputy sheriffs, from taking it. The evidence also showed that some of the other persons at the house had been searched before this, but was in conflict as to whether the defendant had been searched.

The evidence was sufficient to afford an inference that the defendant carried the pistol on the premises concealed about his person and made it a question for the jury. The affirmative charge requested by the defendant was properly refused.—*Nichols v. State,* 4 Ala. App. 115, 58 South. 681; *Posey v. State,* 4 Ala. App. 118, 59 South. 234.

(2) Charge 2 was properly refused for the reason: (1) It exacts too high a degree of proof. The law does require the state to establish the defendant's guilt, but only to prove his guilt beyond a reasonable doubt. The charge is so worded that it is misleading. It does not assert that, if the evidence establishes only the fact that the defendant threw the pis-

tol through the window, he should not be convicted, but is subject to the construction of asserting that, if it only establishes that fact, no matter what else it shows, the defendant should not be convicted.

No error appearing in the record, the judgment is affirmed.

Affirmed.