# Brown v. The State.

### Violating Prohibition Law.

(Decided February 6, 1917.   74 South. 394.)

1. **Criminal Law; Charge of Court; Evidence.**—Construing §§ 5362, and 5364, Code 1907, it is held that an oral, general affirmative charge given on behalf of the state on oral request was a charge on the effect of the evidence and erroneous.

2. **Trial; Province of Court and Jury.**—Where the evidence of defendant and another witness for defendant made a material conflict in the evidence, the general affirmative charge could not be given, as it is for the jury to determine the weight of the evidence.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

William T. Brown was convicted of violating the prohiibtion law and he appeals.   Reversed and remanded.

W. E. GRIFFIN, for appellant.   W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The complaint on which the defendant was tried charged the defendant in three different counts with violations of the prohibition laws.   It affirmatively appears from the recitals in the record that the court, at the oral request of the state's counsel, orally gave the jury the general affirmative charge in behalf of the state on each count of the complaint.   To this action of the court an exception was duly reserved by the defendant.

(1) The court is not permitted, under the statute of this state, to charge upon the effect of the evidence, unless required to do so by one of the parties (Code 1907, § 5362), and charges

[James v. The State.]

moved for, or required to be given, by either party, must be in writing (Code 1907, § 5364).  The court's oral charge, not given on written request, was a charge on the effect of the evidence and erroneous.—Code 1907, §§ 5362, 5364; *Fidelity & Dep. Co., etc., v. Metal, etc., Co.,* 162 Ala. 323, 327, 50 South. 186.

(2)  If the instruction had been duly and properly requested in writing, under the evidence on the trial, it could not have been properly given, as the evidence given by the defendant and his wife, as well as other witnesses introduced in behalf of the defendant, made a material conflict in the evidence as to the guilt of the defendant of the offenses charged against him, and it was for the jury and not the court to determine the weight to be accorded this evidence, and pass upon its sufficiency or failure to overcome the prima facie case made out by the state's evidence. See *King v. State,* 151 Ala. 12, 44 South. 200; *Brewer v. State,* 113 Ala. 106, 21 South. 355; *Wright v. State,* 156 Ala. 108, 47 South. 201.

Reversed and remanded.