(78 South. 644)

MAXWELL v. STATE. (7 Div. 521.)

(Court of Appeals of Alabama. April 16, 1918.)

WEAPONS ⟜17(5) — CARRYING CONCEALED WEAPON—EVIDENCE.

Conflicting evidence held to make it a jury question whether defendant carried a pistol concealed about his person.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

John Maxwell was prosecuted for carrying a pistol concealed about his person, and appeals. Affirmed.

T. C. Sensabaugh, of Anniston, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. The appellant's contention here is that the trial court erred in refusing the affirmative charge requested by him in writing. The state's witness Ferguson testified that defendant got out of the surrey after his arrest with a small handbag in his hand, and walked up the road, and dumped its contents in a ditch; that witness saw the bulk of the pistol at this time, and that it

was concealed in the handbag, and could not be seen before defendant opened the handbag and threw the pistol out.

The undisputed evidence shows that the pistol was found on the side of the road where Ferguson testified it was thrown out of the handbag, and defendant admitted that he had the pistol with him on this occasion; that all he had in the handbag was the pistol and a bottle of whisky; and he testified that the handbag was too small to receive the pistol, and that part of it was protruding from the handbag. The evidence was in conflict, and it was for the jury to say whether the defendant carried the pistol concealed about his person. Diffey v. State, 86 Ala. 66, 5 South. 576; Nicholas v. State, 4 Ala. App. 115, 58 South. 681; Johnson v. State, 11 Ala. App. 301, 66 South. 875.

Affirmed.