## PATE v. STATE. (6 Div. 247.)

(Court of Appeals of Alabama. May 15, 1923.)

1. Criminal law ⬡⟹1111(5)—Plea of insanity not considered on appeal, where judgment entry does not show that such plea was filed.

Under Code 1907, § 7176, providing that insanity must be specially pleaded at the time of arraignment in the words "not guilty by reason of insanity," failure of the judgment entry to show that such a plea was filed is conclusive on appeal that such plea was not filed, notwithstanding mention of the plea in the bill of exceptions.

2. Criminal law ⬡⟹656(8)—Remarks by court as to weight of testimony on a material inquiry held reversible error.

The state's chief witness testified to the finding of certain cans in defendant's barn, and the court thereupon remarked: "Mr. Wilson [solicitor], the evidence shows that it was a substitute for a still." On objection by defendant, the court qualified the remark by the further statement: "I put it that it was the theory of the state that it was a still." Held, that the remarks of the court amounted to an invasion of the province of the jury, and the refusal of the court to exclude the remarks from the record constitutes reversible error.

3. Criminal law ⬡⟹753(3)—Where there is a mere inference of guilt, it is error to give the affirmative charge for the state.

Giving the affirmative charge by the court for the state is of doubtful propriety, in view of the presumption of innocence of defendant; and where there is a mere inference of guilt, it is for the jury to draw the inference, and it is error to give the affirmative charge.

4. Criminal law ⬡⟹1168(1)—Error in refusal to give defendant's affirmative charge cured by verdict.

Where the verdict on one count necessarily acquits defendant on another, any error in refusing to give an affirmative charge for defendant on the latter is harmless.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

John Pate was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Jones, Jones & Van de Graaff, of Tuscaloosa, for appellant.

The remark of the court that the evidence showed the apparatus was a substitute for a still was invasive of the jury's province. Hair v. Little, 28 Ala. 236; Parrish v. State, 139 Ala. 16, 36 South. 1012; Thomas v. State, 124 Ala. 48, 27 South. 315; McIntosh v. State, 140 Ala. 137, 37 South. 223; Griffin v. State, 90 Ala. 596, 8 South. 670; Stephens v. State, 47 Ala. 696; Perkins v. State, 50 Ala. 154; B. R. L. & R. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037. It was error to give the affirmative charge for the state. Nichols v. State, 4 Ala. App. 115, 58 South. 681; Brewer v. State, 113 Ala. 106, 21 South. 355; Carter v. State, 3 Ala. App. 112, 57 South. 1022; Bonner v. State, 8 Ala. App. 236, 62 South. 337; Johnson v. State, 11 Ala. App. 301, 66 South. 875; Gamble v. State, ante, p. 82, 95 South. 202.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The affirmative charge was properly given for the state. Lindsey v. State, 18 Ala. App. 494, 93 South. 331.

BRICKEN, P. J. [1] The judgment contained in this record recites that the defendant, in answer to the indictment, "says he is not guilty." It not being shown in the judgment entry that a plea of "not guilty by reason of insanity" was interposed, the questions presented and insisted upon, which relate to the alleged insanity of defendant, cannot be considered, as the law requires this character of defense to be specially pleaded. Code 1907, § 7176. It is true that certain matters contained in the bill of exceptions might indicate that this special plea was interposed, but the recitals in the judgment do not show that such plea was entered, and the judgment itself must govern on this question. If, as a matter of fact, such special plea was made, it was the duty of the appellant to have had this shown in the judgment, before allowing or consenting to a submission

---

of the cause in this court. The statute expressly provides that the plea of general issue, or not guilty, shall not put in issue the question of the irresponsibility of the accused by reason of alleged insanity, as this question is triable only under the special plea.

[2] The second count of the indictment, under which defendant was convicted, charged that since the 1st day of January, 1920, he did manufacture, sell, or give away, or have in his possession, a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, etc.

Pending the trial, and while the principal state witness was being examined on direct examination, and after said witness had testified that he had found in defendant's barn a five-gallon oil can with an ordinary top and a hole in the top, and also found two common coffee cans of less than one gallon capacity soldered together, with a pipe fastened in one end and on the lower side another pipe fastened in that end, the court of its own motion stated to the solicitor, in the presence and hearing of the jury, "Mr. Wilson [solicitor], the evidence shows that it was a substitute for a still." The defendant thereupon excepted to this remark, and the court then said, "I put it that it was the theory of the state that it was a substitute;" and the defendant duly reserved an exception to the court's refusal to exclude this remark and the former remark made by the court. This exception is well taken, for whether the cans found were a substitute for a still was a material inquiry, devolving upon the jury, and the jury alone, to determine. By this remark the court transcended its authority, by assuming an unauthorized prerogative in declaring that the oil can and coffee cans found in the barn were a substitute for a still, and by this unauthorized remark invaded the province of the jury, and there can be no doubt that such an unwarranted and unauthorized statement, coming as it did from the court, injuriously affected the substantial rights of the defendant, for a trial judge commits error if he uses any language, or makes any intimation, which tends to prejudice the defendant's case before the jury. Dennison v. State, 17 Ala. App. 674, 88 South. 211. What this court said in the Dennison Case, supra, is specially applicable here. We there said:

"The trial judge, as a natural consequence of his position and the many duties devolving upon him, is necessarily vested with much discretion in the conduct of the trial of causes, and, unless it clearly appears that there has been an abuse of this discretion, appellate courts will not interfere to control such discretion, but will presume that one occupying so important a position as that of circuit judge will accord to all litigants in his court the fair and impartial trial provided for in the Constitution of this state. That a trial judge wields a great influence upon the jury cannot be questioned, for it is their duty to follow his instructions as to the law. So, whenever he expresses an opinion on any disputed fact, or of the character of a witness, or compliments one attorney at the expense of another, or uses language which tends to bring an attorney into contempt before the jury, or uses any language or makes any intimation which tends to prejudice them, he commits an error of law, which would, of necessity, effect a reversal of the judgment and a remandment of the cause."

[3] The court gave the affirmative charge for the state as to the second count of the indictment and in so doing also committed error. By the giving of this charge the court invaded the province of the jury and took from the jury the right to weigh the testimony which clearly did not establish the guilt of the defendant beyond a reasonable doubt, but to the contrary, even if considered in its most unfavorable light to the defendant, it did no more than afford a mere inference that the defendant was guilty as charged in the second count of the indictment, and the drawing of inferences from the evidence is within the province of the jury and not of the court.

As stated, the material inquiry as to whether the cans and other appliances found were a substitute for a still might have been inferred from the evidence. The evidence certainly did not show this fact conclusively. Nor did the evidence show conclusively that the articles found were to be used for the purposes alleged in the indictment and prohibited by statute; yet that fact also might have been inferred from the evidence. Moreover, the possession of the alleged contraband articles was not shown conclusively to be in the defendant, and the court had no authority to charge as a matter of law, under this evidence, that they were in his possession. The testimony, which showed that the articles in question were found in the barn, also disclosed that the defendant denied all knowledge in connection therewith, and this, coupled with the presumption of innocence which attended him, made the inquiry of all of these matters for the determination of the jury, and not for the court.

The giving of the affirmative charge for the state in criminal cases is of very doubtful propriety. Nichols v. State, 4 Ala. App. 115, 58 South. 681; King v. State, 151 Ala. 12, 44 South. 200; Brewer v. State, 113 Ala. 106, 21 South. 355; Carter v. State, 3 Ala. App. 112, 57 South. 1022; Bonner v. State, 8 Ala. App. 236, 62 South. 337; Johnson v. State, 11 Ala. App. 301, 66 South. 875; Gamble v. State (Ala. App.) 95 South. 202.[1] Under the law an accused is presumed to be innocent of the offense charged, and this presumption is evidentiary in its nature, and attends the defendant throughout the entire trial, and until it is overcome by evidence which shows

---

[1] Ante, p. 82.

beyond a reasonable doubt and to a moral certainty that he is guilty of some offense comprehended in the indictment.

[4] Under the testimony in this case the affirmative charge, requested by defendant as to the first count of the indictment, should have been given, as there was no evidence adduced upon this trial to sustain the charge contained in said count. However, the finding of the jury, being predicated upon the second count, operated as an acquittal of the charge contained in the first count; hence no injury resulted to defendant as a result of the refusal of this charge.

Other questions are presented, but from what has been said it is unnecessary to discuss them.

The judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.