The appellant, Warren E. Littrell, was convicted in the district court of St. Clair County of carrying a concealed weapon, a violation of § 13A-11-50, Ala. Code 1975. He appealed.
On January 17, 1997, we remanded this case because there was no official transcript of the trial court proceedings and we were unable to determined whether the appellant entered a guilty plea or was adjudged guilty following a bench trial. We instructed the trial court to enter an order clarifying whether the appellant had entered a guilty plea or had been adjudged guilty following a bench trial. The trial court has submitted a return to remand, stating that the defendant was found guilty after a bench trial. We will now address the one issue raised by the appellant on his direct appeal.
The appellant contends that the district court erred in adjudging him guilty because, he says, the State failed to prove that he was carrying a weapon concealed about his person. We agree.
Both parties stipulate to the following facts: On May 23, 1996, two men in an *Page 964 
automobile caught the attention of an officer on patrol. They told the officer that a man driving a white or light grey Chevrolet pickup truck had pointed a pistol at them in a threatening manner and had attempted to run them off the road. (C. R. 19.) While the two men were talking to the officer the truck passed by. (C. R. 20.) The officer stopped the truck and asked the driver, who was later identified as the appellant, for his driver's license. After examining the license, the officer asked the appellant whether he had a firearm in his possession. (C. R. 20.) The appellant admitted to the officer that he had a pistol in a briefcase in the backseat of his vehicle, and indicated that he did not have a valid permit for the pistol. (C. R. 20.) The appellant turned the pistol over to the officer and was subsequently arrested for carrying a concealed weapon. (C. R. 19.) The trial judge found the appellant guilty.
The appellant was convicted of violating § 13A-11-50, Ala. Code, 1975, which states, in pertinent part:
 "Except as otherwise provided in this Code, a person who carries concealed about his person . . . a pistol or firearm of any other kind or an air gun shall, on conviction, be fined not less than $50.00 nor more than $500.00, and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months."
The facts as stipulated by both parties reveal that the pistol was located in a briefcase in the backseat of the vehicle being driven by the appellant rather than on the appellant's person.
In its brief, the State relies heavily on Diffey v. State,86 Ala. 66, 5 So. 576 (1889), for its argument that § 13A-11-50
was applicable to the facts of this case. In Diffey, the Court stated that the phrase "concealed about his person" is not limited solely to items actually fixed on the person. The Court stated in Diffey, "[a]ll the essential elements of the offense exist, if an interdicted weapon is carried near the person, and so connected therewith that the locomotion of the body necessarily carries the weapon, and so that it may be promptly used when desired; as in the pocket of an overcoat carried on the arm, or in a hand-basket, or other receptacle held by the hand." 86 Ala. at 66, 5 So. at 576.
The State's reliance on Diffey is misplaced. A gun located in the backseat of an automobile is not so connected with the person that the movement of the body automatically carries the weapon. Even if the gun was within close reach, it is certainly apart from the person's movements. In Cunningham v. State,76 Ala. 88 (1884), the Alabama Supreme Court held that when a weapon is in a vehicle in which the accused is riding, and not attached to the accused's person at all, it cannot be said to be concealed about the person, within the contemplation of §13A-11-50. See also Ladd v. State, 92 Ala. 58, 9 So. 401
(1891). Likewise, the appellant's conduct was outside the scope of the statute.
Moreover, this court noted in Braxton v. State,350 So.2d 753, 755 (Ala.Crim.App. 1977), that Ala. Code, Title 14 § 175 (recodified as § 13A-11-73) applies to carrying an unlicensed pistol concealed on the person or in a vehicle, whereas Title 14, § 161 (recodified at § 13A-11-50), supra, applies to carrying certain enumerated weapons concealed upon the person.See also K.J. v. State, 690 So.2d 541 (Ala.Crim.App. 1997) (quoting Braxton.)
It is clear that the appellant was carrying a weapon in his vehicle without a license and that he could have been charged with violating § 13A-11-73, Ala. Code 1975. However, he was not. He was charged with violating § 13A-11-50. Based on Diffey, and viewing the facts in the context of the statute under which the appellant was charged and convicted, we hold that the judgment of the trial court was contrary to the weight of the evidence.McDaniel v. State, 506 So.2d 360, 365 (Ala.Cr.App. 1986). The judgment must be reversed, and a judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur. *Page 965