[No. 21120.   Department One.—December 7, 1894.]

## THE PEOPLE, RESPONDENT, v. RICHARD ANDERSON, APPELLANT.

CRIMINAL LAW — HOMICIDE — CROSS-EXAMINATION.—Upon cross-examination of witnesses for the prosecution, who have given damaging evidence against a defendant accused of murder, offers of evidence to show that one of the witnesses had been told of remarks by the accused about his family, and that another witness had said that she would hang the defendant if her evidence would do so, are competent for the obvious purpose of showing bias and ill-feeling on the part of the witnesses against the defendant, and it is error to exclude the offered evidence.

ID.—INSTRUCTIONS—REASONABLE DOUBT—BURDEN OF PROOF.—Where the court has instructed the jury very fully upon the question of reasonable doubt it is not error to give an instruction as to the burden of proving circumstances of mitigation in the language of section 1105 of the Penal Code.

ID.—CONSTRUCTION OF CHARGE.—Instructions to the jury must be read as a whole, and, if the entire charge fairly presents the law of the case, the judgment will not be reversed for minor and unimportant defects, or because the court refuses to repeat itself.

ID.—INSTRUCTIONS AS TO DEFENDANT'S TESTIMONY.—An instruction as to the defendant's testimony which is not a departure from instructions that have been allowed to pass by this court does not furnish sufficient ground for reversal; but attention is called to the criticism of similar instructions in recent cases decided by this court.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a motion for a new trial.

The facts are stated in the opinion of the court.

*Ford & Burnell*, for Appellant.

*Attorney General W. H. H. Hart, Deputy Attorney General Charles H. Jackson*, and *T. H. Selvage*, for Respondent.

The COURT.—The defendant was charged with the crime of murder, and found guilty of manslaughter, with a recommendation to the mercy of the court. He was sentenced to be imprisoned in the state prison for the term of six and a half years, and has appealed from the judgment and an order denying his motion for a new trial.

It was clearly proved at the trial that the defendant committed the homicide charged, and the only defense was that under the circumstances shown it was justifiable or excusable.

It is claimed that the court committed several errors, prejudicial to the defendant, in its rulings upon the admission and exclusion of evidence, and in the giving, modifying, and refusing instructions to the jury.

1. M. T. Steinbrum and Mrs. Steinbrum were witnesses for the prosecution, and gave damaging evidence against the defendant. On cross-examination the former was asked: "Did n't Mr. Donohue tell you . . . . in the presence of Mr. Fisher, that Anderson had made remarks about your family and others"?

He answered: "I don't recollect whether he did or not." Counsel for defendant then said: "Well, I will make the offer to prove by the witness Fisher and the witness Morgan that these conversations did occur with Mr. Steinbrum, as I have indicated in the questions I asked him."

On objection of the district attorney the offered evidence was excluded.

On cross-examination Mrs. Steinbrum was asked about what had occurred at a time and place named, and then: "Do you remember saying something about hanging Anderson if your evidence would be sufficient"? The witness denied saying any thing of the kind, and counsel afterwards offered to prove that she had said "she would hang the defendant if her evidence would do so." This offered evidence was also excluded on objection of the district attorney.

It is claimed that these rulings were erroneous, and, in our opinion, the claim must be sustained. The obvious purpose of the offers was to show bias and ill-feeling on the part of the witnesses against the defendant, and this it was competent to do. (*People* v. *Wasson*, 65 Cal. 538; *People* v. *Lee Ah Chuck*, 66 Cal. 662; *Schultz* v. *Third Ave. R. R. Co.*, 89 N. Y. 242, and cases there cited.)

2. The court instructed the jury at great length, the

instructions given covering about twenty-five pages of the printed transcript. Among other instructions given at the request of the people was one in the language of section 1105 of the Penal Code, as follows: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon the defendant, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

It is earnestly contended that this instruction was misleading, because it imports that the burden was cast upon the defendant to prove circumstances that justified or excused the homicide *by a preponderance of the evidence,* while under the decisions in *People* v. *Bushton,* 80 Cal. 160, and other subsequent cases, the rule is settled in this state that he was only bound to produce such evidence as would create in the minds of the jury a reasonable doubt of his guilt of the offense charged. And it is claimed, as said in the Bushton case, that: "The jury should have been instructed that the burden of proving circumstances of mitigation, or that justified or excused the killing, devolved upon the defendant, but that if, upon the whole case, they entertained a reasonable doubt from the evidence as to his guilt, he should be acquitted."

The court instructed the jury very fully as to a reasonable doubt, and how it might arise, and, among other things, told them at the request of the people: "The defendant is entitled to the benefit of every reasonable doubt which you may have on the evidence. . . . . A doubt, to justify an acquittal, must be reasonable, and arise from a candid and impartial consideration of all the evidence in the case." And, at the request of the defendant, the court told the jury that "the law presumes him (defendant) innocent of the crime with which he is charged until he is proven guilty beyond a reasonable doubt by competent evidence; and,

if the evidence in this case leaves in your minds any reasonable doubt as to the defendant's guilt, the law makes it your duty to acquit him."

Instructions must be read as a whole, and if the entire charge fairly presents the law of the case the judgment will not be reversed for minor and unimportant defects. or because the court refuses to repeat itself.

Looking at the whole charge as given, we think it very fully and fairly presented the law of the case, and left the defendant no valid ground of complaint. The instructions modified were properly changed to make the statements of the law more clear and explicit, and those refused were either inaccurate statements or repetitions of what had already in effect been given.

The court instructed the jury as to defendant's testimony as follows: " The defendant has been examined as a witness on his own behalf; this it is his right to be, and the jury will consider his testimony as they would that of any other witness given before you. It is proper, however, for the jury to bear in mind the situation of the defendant, the manner in which he may be affected by your verdict, and the very grave interest he must feel in it, and it is proper for the jury to consider whether this position and interest may not affect his credibility or color his testimony. Still you are to consider it fairly, and give it such weight as you believe it is entitled to receive."

Complaint is made that this instruction is in violation of that provision of the constitution which forbids judges to charge juries with respect to matters of fact. .

While the instruction is not so wide a departure from instructions which have been allowed to pass by this court as not furnishing sufficient ground for reversal, we deem it proper to again call attention to the criticism of similar instructions in the recent cases of *People* v. *Murray*, 86 Cal. 31; *People* v. *Curry*, 103 Cal. 548, and *People* v. *Lang*, 104 Cal. 363.

The other points discussed by counsel need not be considered.

For the errors above noted in sustaining objections to the cross-examination of the witnesses, Mr. and Mrs. Steinbrum, the judgment and order must be reversed, and the cause remanded for a new trial.

So ordered.

Hearing in Bank denied.