# Ruffin *v.* The State.

*Indictment for Carrying Concealed Pistol.*

1. *Plea of misnomer; essentials of.*—A plea in abatement for misnomer of the defendant in an indictment is bad and subject to demurrer if it fails to negative the fact that the defendant *was* ever known or called by the name by which he is indicted.

APPEAL from Geneva Circuit Court.
Tried before Hon. J. C. RICHARDSON.
The facts are stated in the opinion.

JAMES B. COX, for appellant.
No brief.

CHAS. G. BROWN, Attorney-General, for the State, cited, *Wren v. State,* 70 Ala. 1.

DOWDELL, J.—The defendant was indicted by the name of Ruffin, and it is averred in the indictment that his *Christian* name is to the grand jury unknown. While the plea in abatement denies that the defendant's surname is Ruffin as alleged in the indictment, "neither is he known or called by said name, but that his surname is Dunston, and that his *Christian* name is Ruffin," and "that his true name now *is* Ruffin Dunston and by this name he now *is*, and has always been known and called," it does not negative that he *was* ever known or called by the name of Ruffin as alleged. This negation being an essential averment to a good plea in abatement for mis-

[Benson v. The State.]

nomer, the want of it rendered the plea bad, and the demurrer was properly sustained.—*Wren v. State*, 70 Ala. p. 1.

The judgment of the circuit court is affirmed.