# Thomas *v.* The State.

### *Carrying Concealed Weapons.*

(Decided December 16, 1913. 64 South. 192.)

1. *Criminal Law; Misnomer; Plea.*—The plea examined and held not to negative the fact that defendant was known and called and named by the name employed in the affidavit and indictment.

2. *Weapons; Concealed; Prosecution.*—The evidence examined and held sufficient to warrant the finding that the defendant had a pistol concealed about his person.

3. *Same; Offense; "To Carry."*—The word "carry" as employed in Acts 1909, p. 258, is used in the sense of "to have concealed about the person" so that the locomotion of the person would carry the weapon as concealed, and hence, it is no defense to a prosecution for carrying concealed weapons that after concealing the weapon about his person, defendant had not moved from the spot so as to transport the weapon.

APPEAL from Jefferson Criminal Court.

Heard before Hon. SAMUEL E. GREENE.

Arthur Thomas was convicted of carrying concealed weapons, and he appeals. Affirmed.

Omitting the formal part, the plea is as follows: "Says that his name is not Arthur Thomas, alias Buddie, as charged in the affidavit, nor has he ever been known or called by such name, as charged, but that his true and correct name is Buddie Thomas, and is called by the alias name of Arthur Thomas."

McARTHUR & HOWARD, for appellant. The court was in error in sustaining demurrers to the plea of misnomer.—*Wellborn v. State,* 154 Ala. 79; *Brown v. State,* 157 Ala. 15; *Jones v. State,* 61 South. 438. The proof was not sufficient to support the finding as it was not shown that the pistol was carried.—*Winslow v. State,* 76 Ala. 47; *Warren v. State,* 94 Ala. 79; *Ladd v. State,* 92 Ala. 59; *Ramsey v. State,* 91 Ala. 21; *Smith v. State,* 96 Ala. 66; *Harden v. State,* 109 Ala. 50; *Calvert v. State,* 165 Ala. 99; *Sanders v. State,* 167 Ala. 85.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The plea was defective as pointed out by the demurrers.— *Wren's Case,* 70 Ala. 1; *Wright's Case,* 76 Ala. 96; *Freeman v. Pullen,* 119 Ala. 235. It is sufficient if the pistol be concealed from ordinary observation.—*Smith v. State,* 66 Ala. 68; *Ramsey v. State,* 91 Ala. 29. If the pistol is so concealed and connected with the person as to be carried by the locomotion of the body, it is carried in the sense of the statute.—*Laird v. State,* 92 Ala. 57; *Cunningham v. The State,* 76 Ala. 88.

PELHAM, J.—The defendant's plea of misnomer not only did not negative the fact that the defendant was known and called by the name Arthur Thomas, which was the name employed in the indictment to designate the defendant, but in effect admitted that the defendant was known and called by that name. Demurrers to this plea were properly sustained.—*Freeman v. Pullen,* 119 Ala. 235, 24 South. 57; *Wren v. State,* 70 Ala. 1; *Ruffin v. State,* 124 Ala. 91, 27 South. 307; *Robinson v. State,* 8 Ala. App. 435, 62 South. 372.

The case was tried before the court without a jury, and it is insisted that the evidence was not sufficient

[Thomas v. The State.]

to support the finding of guilty.   The defendant was
charged with carrying a concealed weapon.   One of the
witnesses, a policeman of the city of Birmingham, who
arrested the defendant, testified that the defendant "put
the pistol in his pocket, and I ran my hand in his hip
pocket and got it; it was not visible."   The testimony
of the officer that the pistol was in the defendant's hip
pocket, and not visible when so placed, was sufficient,
if believed (and that was a matter for the court, sitting
as judge and jury), upon which to predicate a finding
that the pistol was hidden from ordinary observation.
It was open to the defendant to cross-examine this wit-
ness, and further develop the facts as to the nature and
extent of the concealment of the pistol while in the hip
pocket of the defendant, as testified to by the witness,
if there was any question as to the pistol's being con-
cealed from ordinary observation at the time; and, in
the absence of any attempt to bring out facts of that
nature, the testimony of the witness that the pistol was
not visible when he reached his hand into the defend-
ant's pocket, and drew it out, is amply sufficient, we
think, to show that it was concealed from ordinary ob-
servation.

It was proven on the trial without conflict in the
evidence that, from the time the defendant placed the
pistol in his pocket until it was taken out by the ar-
resting officer, the defendant had not walked even so
much as a step, but had been standing still, and it is
argued that the undisputed proof shows that the pistol
was not *carried* on the person as prohibited by law and
as charged in the information against the defendant;
that "carry" necessarily means and embodies the act of
locomotion.   This argument is fallacious, and might
properly be said to have *carried*, or had, no weight with
the trial court.   The word "carries" or the words "to

carry," as used in the statutes defining the offense (Code, § 6421; Acts 1909, p. 258), are used in the sense of to have concealed about the person, or to bear concealed about the person; and it is necessary to a conviction of this offense only that the concealed weapon be so connected with the person that the locomotion of the body would carry with it the weapon as concealed. —*Ladd v. State,* 92 Ala. 58, 61, 9 South. 401; *Cunningham v. State,* 76 Ala. 88. The evidence is sufficient to support the judgment of conviction.

No error is shown, and the judgment of the court below will be affirmed.

Affirmed.