# Danal v. The State.

### Carrying Concealed Weapon.

(Decided May 30, 1916.   71 South. 976.)

1. **Appeal and Error; Review; Presumptions; Misdemeanor.**—The judgment in a misdemeanor case will not be disturbed unless the facts are clearly and palpably insufficient to sustain it, notwithstanding § 3, Acts 1915, p. 940, prohibits any presumption on appeal in favor of the judgment or conclusion of the trial court in misdemeanor cases, tried without a jury.

2. **Weapons; Carrying Unlawfully.**—As used in Acts 1909, p. 258, § 2, the word "carry" means to bear such weapons, and does not necessarily import the idea of locomotion.

3. **Same; Intent.**—The intent is a question of fact for the jury, or for the court sitting without a jury, in a prosecution for violating § 2, Acts 1909, p. 258.

4. **Same; Evidence.**—The evidence examined and held sufficient to sustain a conviction for the unlawful bearing of weapons contrary to the provision of § 2, Acts 1909, p. 258.

APPEAL from Hale County Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Add Danal, alias, etc., was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

R. B. EVINS, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

EVANS, J.—Appellant was indicted and convicted for carrying a pistol about his person or premises not his own or under his control, contrary to section 2 of an act approved August 26, 1909, entitled an act to regulate the right to carry a pistol in this state.—Acts 1909, p. 258.

4—14

[Danal v. The State.]

The testimony showed that appellant was standing in the store of Romley & Massengale in Akron, Hale county, with a pistol in his hand open to plain view, and that the premises in question were not appellant's nor under his control. Appellant admitted such to be the fact, but sought to justify himself by testifying that the pistol belonged to another, one Ed Williams, who was also present in the store at the time, and who had merely passed the pistol over to appellant for his inspection. Appellant further testified, in substance, that he did not carry the pistol to the store, had it in his hands but a few seconds, and while inspecting it "did not move out of his tracks." Appellant excepted to the conclusion or finding of the court finding and adjudging appellant guilty.

(1) By a recent statute (Acts 1915, p. 939, § 3) it is made the duty of this court, in reviewing appeals in misdemeanor cases tried by the court without a jury, to review the same without indulging any presumption or intendment in favor of the conclusions and judgment of the trial court, thus extending the same ameliorating rule to findings of fact in misdemeanors hitherto obtaining only in the trial of civil cases without a jury.

When sitting without a jury, the conclusion of the trial court is in lieu of the verdict of a jury, and the conclusions and judgment of the trial court, after hearing oral testimony and observing the demeanor of witnesses, should not, it is held, be disturbed except on principles which govern nisi prius courts in setting aside verdicts of juries and granting new trials. It should palpably and clearly appear that the findings are not sustained by the facts before the court can be said to be in error and its judgment reversed.—*Louisville & Nashville R. R. Co. v. Solomon,* 127 Ala. 189, 30 South. 491; *Dargan v. Harris,* 68 Ala. 144; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Thompson v. Collier,* 170 Ala. 469, 54 South. 493; *City of Ensley v. Smith,* 165 Ala. 387, 51 South. 343; *Kimbell v. State,* 165 Ala. 118, 51 South. 16; *D. C. Finney v. Studebaker Corporation of America,* 196 Ala., 72 South. 54.

(2) The word "carry," as used in section 2 of said statute, prohibiting the carrying of a pistol, means the bearing of arms in contravention of the statute.—*Nichols v. State,* 4 Ala. App. 115, 58 South. 681. One may "carry" or bear arms on his person "without moving out of his tracks;" it does not necessarily

import or imply the idea of locomotion.—*Thomas v. State,* 9 Ala. App. 67, 64 South. 192; *Johnson v. State,* 11 Ala. App. 301, 66 South. 875.

(3) The character or intent of one's manual possession of a pistol on premises of another not under his control is the gist and gravamen of the offense, and the surounding and attendant circumstances present a question of fact for the determination of a jury or the court when sitting without a jury.—*Nichols v. State, supra.*

The salutary and wholesome purpose of the statute was to interdict and inhibit the bearing of arms on premises of another or not under his control, and whether appellant carried or had the pistol on his person or in his hand with such intent in violation of the statute was a question the trial court was best qualified to answer, and give proper weight to the testimony after noting the demeanor of witnesses, their candor or dissimulation.

(4) Considering the probabilities of appellant's testimony, it may be that the court, sitting as a jury, attached small weight to his version of how he acquired or the intent with which he had the pistol.

We cannot say, from the evidence, that the court was in error in its conclusion. There being no error apparent upon the record, the judgment of the court below is accordingly affirmed.

Affirmed.