[Crim. No. 1136.   Second Appellate District, Division One.—January 8, 1925.]

THE PEOPLE, Respondent, v. J. J. KELLY, Appellant.

[1] CRIMINAL LAW—DRIVING AUTOMOBILE WHILE INTOXICATED—PUBLIC HIGHWAY—EVIDENCE.—In a prosecution upon a charge of driving an automobile upon a public highway while under the influence of liquor, where the evidence shows that the city street along which defendant was driving is used by the public as one of the regular avenues of travel in that vicinity of the city, that it is curbed and lighted with street lights, that it has cement sidewalks, that it has fronting upon it dwelling-houses, a garage and other buildings, and said street and another street intersecting the former at the point where the accident occurred are referred to by witnesses as well-known and well-defined highways, this evidence is sufficient to justify the implied finding of the jury that the street in question, at its intersection with said other street, is a public highway.

[2] ID.—DEATH OF VICTIM OF AUTOMOBILE ACCIDENT—MANSLAUGHTER. In a prosecution upon a charge of murder, as the result of the death of a person who was run into and injured by defendant's automobile, where there is evidence tending to prove that defendant, at and just prior to the collision, was driving his car while under the influence of liquor, and that while so driving his car he collided with the decedent and from such collision she sustained injuries which caused her death, this evidence is sufficient to support a verdict of manslaughter, independently of any evidence as to the speed at which defendant was driving his car at the time he struck the decedent.

[3] ID. — CORPUS DELICTI — TESTIMONY OF DEFENDANT. — While the *corpus delicti* cannot be proven by the extrajudicial admissions of the defendant alone, it can be proven by the testimony of the defendant himself when he voluntarily becomes a witness in the case and testifies to facts which tend to prove the *corpus delicti.*

[4] ID. — DRIVING AT EXCESSIVE SPEED — UNLAWFUL ACT — MANSLAUGHTER.—In a prosecution upon a charge of murder, as the result of the death of a person who was run into and injured by defendant's automobile, where the testimony of the defendant himself shows that he was traveling eighteen or twenty miles per hour, and there is evidence in the case showing that the maximum rate of speed permitted at the intersection where the accident occurred is fifteen miles per hour, this evidence tends to prove that defendant, at the time he struck the decedent, was committing an unlawful act not amounting to a felony, and if in committing such unlawful act he caused the death of the decedent he was guilty of manslaughter.

[5] ID.—ACQUITTAL UPON MURDER CHARGE—INSTRUCTIONS—APPEAL.— In such prosecution, a verdict of the jury finding the defendant guilty of manslaughter is an acquittal of him upon the charge of murder and, therefore, on appeal he cannot complain of an instruction which erroneously states the law applicable to the charge of murder, but such instruction must be considered only in so far as it applies to the charge of manslaughter.

[6] ID.—VIOLATION OF MOTOR VEHICLE ACT—DEATH OF VICTIM—INSTRUCTIONS.—In this prosecution for murder, in which the defendant was convicted of manslaughter, the instruction of the court, after having set out in full section 121 and portions of

---

3. Homicide by operation of automobile by intoxicated person, note, L. R. A. 1917A, 313.

4. Proof of *corpus delicti* in homicide, notes, 68 L. R. A. 35, 57, 73, 75–78; 7 L. R. A. (N. S.) 181. See, also, 13 R. C. L. 737; 13 Cal. Jur. 676.

5. Homicide from negligent operation of automobile as homicide, note, Ann. Cas. 1918E, 1146. See, also, 2 R. C. L. 1212.

section 113 of the Motor Vehicle Act applicable to the facts of the case, and after having advised the jury that the violation of either of these provisions of the law was a misdemeanor, that "If in the operation of a motor vehicle the driver violates either of these provisions, and while so driving contrary to the law strikes another, and as a result of the injuries the victim dies, the driver is guilty of either murder or manslaughter, dependent on the surrounding circumstances," was not prejudicially erroneous when considered in connection with the other instructions given by the court bearing upon the same legal proposition.

[7] ID.—ERRONEOUS INSTRUCTION—CONSTRUCTION AS A WHOLE.—If the law is fairly stated in the instructions as a whole, the judgment will not be reversed merely because one or more of the instructions standing alone are subject to criticism.

[8] ID.—VIOLATION OF MOTOR VEHICLE ACT—UNLAWFUL KILLING—ERRONEOUS INSTRUCTION.—In a prosecution for murder, an instruction to the effect that a person who is violating any portion of section 113 or section 121 of the Motor Vehicle Act, and while thus driving his car unlawfully strikes and kills another person, may be found guilty of murder or manslaughter, dependent upon the surrounding circumstances, regardless of any causal connection between the alleged act of thus driving the car and the injury to the deceased person, is erroneous in the absence of other instructions rendering essential such causal connection. (Opinion of supreme court on denial of hearing.)

(1) 28 Cyc., p. 50, n. 58.   (2) 30 C. J., p. 316, n. 68.   (3) 16 C. J., p. 772, n. 27, 30 New; 30 C. J., p. 285, n. 43 New, p. 289, n. 5.   (4) 29 C. J., p. 1152, n. 76.   (5) 30 C. J., p. 433, n. 95, p. 466, n. 38.   (6) 16 C. J., p. 1049, n. 82, p. 1050, n. 84.   (7) 17 C. J., p. 342, n. 90.   (8) 30 C. J., p. 409, n. 36.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford, Bodkin, Watt & Herlihy for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

CURTIS, J.—The defendant was charged with the crime of murder and, in a second count of the indictment, with the violation of section 112 of the Motor Vehicle Act (Stats. 1923, p. 517), in driving his automobile upon the public highway while under the influence of liquor. He was found guilty of manslaughter and also of violating the Motor

Vehicle Act as charged in the second count of the indictment.

[1] The only point raised by the appellant against the judgment rendered under the second count of the indictment is that there was no evidence tending to show that West Sixteenth Street at its intersection with South Ardmore Street in the city of Los Angeles was a public highway. The evidence shows that Sixteenth Street at its intersection with Ardmore Street is used by the public as one of the regular avenues of travel in that vicinity of the city; that it is curbed and lighted with street lights; that it has cement sidewalks; that it has fronting upon it dwelling-houses, a garage, and other buildings. These two streets, at their intersection with each other, are referred to by witnesses as well-known and well-defined highways. We think this evidence is sufficient to justify the implied finding of the jury that Sixteenth Street at its intersection with Ardmore Street is a public highway.

As to the verdict against the defendant finding him guilty of manslaughter, appellant contends that the evidence is insufficient to support such a verdict. In support of this contention appellant claims that there was no proof introduced by the prosecution, aside from his own extrajudicial admissions, as to the rate of speed appellant was traveling at the time of and just prior to the collision. [2] Conceding for the present that the only evidence as to the speed appellant was traveling was that furnished by his own extrajudicial admissions, yet there was evidence tending to prove that appellant, at and just prior to the collision, was driving his car while under the influence of liquor, and that while so driving his car, he collided with Mrs. Sarah Joy and from such collision she sustained injuries which caused her death. This evidence was sufficient to support the verdict of manslaughter independent of any evidence as to the speed at which appellant was driving his car at the time he struck the deceased. Referring again, however, to appellant's contention that there was no evidence produced by the prosecution as to the speed at which appellant was driving at the time of the collision, aside from his extrajudicial admissions, and that therefore the *corpus delicti* had not been proven, we find that appellant is possibly correct in this contention, but after the prosecution had closed its case the defendant took the stand in his own behalf and testified that he was

going "eighteen or twenty miles, about twenty miles at the outside." This statement made by the defendant in open court and while testifying as a witness in the case was sufficient to prove the fact testified to by him, and if this fact was necessary to make up the required proof of the *corpus delicti*, it was competent and material for that purpose. [3] While the *corpus delicti* cannot be proven by the extrajudicial admissions of the defendant alone, yet we know of no authority holding that it cannot be proven by the testimony of the defendant himself when he voluntarily becomes a witness in the case and testifies to facts which tend to prove the *corpus delicti*. [4] There was evidence in the case showing that the maximum rate of speed permitted at the intersection of Sixteenth and Ardmore Streets was fifteen miles per hour. The defendant testified that he was exceeding this rate of speed in crossing this intersection. This evidence tended to prove that the defendant, at the time he struck the deceased, was committing an unlawful act not amounting to a felony, and if in committing such unlawful act he caused the death of another he was guilty of manslaughter.

Certain instructions are excepted to by the appellant. In one of these the court, after setting out in full section 121 and portions of section 113 of the Motor Vehicle Act applicable to the facts in this case, and informing the jury that the violation of either of these provisions of the law was a misdemeanor, stated to the jury as follows: "If in the operation of a motor vehicle, the driver violates either of these provisions, and while so driving contrary to the law strikes another, and as a result of the injuries the victim dies, the driver is guilty of either murder or manslaughter, dependent on the surrounding circumstances." [5] In considering this instruction we can do so upon this appeal only in so far as it applies to the charge of manslaughter. As the verdict of the jury, finding the defendant guilty of manslaughter, was an acquittal of him upon the charge of murder, he cannot complain of the instruction if it correctly stated the law as to the crime of manslaughter, even if it did erroneously state the law applicable to the charge of murder. [6] Appellant contends, however, that in the giving of this instruction the court told the jury that if a person driving a car unlawfully strikes and kills another, he is guilty of manslaughter, regardless of whether or not

there was any causal connection between the illegal act of driving and the striking of the deceased. Involuntary manslaughter is the unlawful killing of a human being without malice, in the commission of an unlawful act not amounting to felony. (Pen. Code, sec. 192.) The instruction complained of is no broader than the section of the code defining involuntary manslaughter. The court in effect told the jury that if the driver, while unlawfully operating his automobile, strikes and kills another, he would be guilty of involuntary manslaughter. The only possible difference between this instruction and the code section defining manslaughter, is between the phrase "while unlawfully operating his automobile" and the phrase "in the commission of an unlawful act." From a legal standpoint this difference is so slight that we do not believe that the jury could have been misled thereby. Especially is this so when we find that in instruction No. 38, as well as in others, the court told the jury that if one perform an act in a manner expressly forbidden by statute and *thereby* cause the death of another, he might be convicted of manslaughter. Here the jury were in effect instructed by the court that the injury sustained by the deceased must be caused by the unlawful act of the defendant before he could be found guilty of manslaughter. The instruction to which the defendant objects must be considered in connection with instruction No. 38, and all other instructions given by the court bearing upon the same legal proposition in order to determine whether the court has correctly instructed the jury. (*People* v. *Glover,* 141 Cal. 233, 242 [74 Pac. 745].) [7] If the law is fairly stated in the instructions as a whole the judgment will not be reversed merely because one or more of the instructions standing alone are subject to criticism. (*People* v. *Lee Chuck,* 78 Cal. 317, 339 [20 Pac. 719]; *People* v. *Anderson,* 105 Cal. 32 [38 Pac. 513].)

Practically the same objection is made to a portion of instruction No. 42, but in our opinion this objection is without merit, for the same reasons we have given regarding the objection to the first instruction considered above. In our opinion the instructions given by the court as a whole fairly state the law applicable to the facts in this case, and the defendant was in no way prejudiced by the giving of such instructions.

The judgment and order denying motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1925, and the following opinion then rendered thereon:

THE COURT.—Appellant's petition to have the above-entitled cause heard and determined by this court, after judgment in the district court of appeal, is denied.

[8] In denying the petition, we withhold our approval from that portion of the opinion of the district court of appeal relating to the instructions to the jury to the effect that a person who is violating any portion of section 113 or section 121 of the Motor Vehicle Act, and while thus driving his car unlawfully strikes and kills another person, may be found guilty of murder or manslaughter, dependent on the surrounding circumstances, regardless of any causal connection between the alleged act of thus driving the car and the injury to the deceased person. Such an instruction would be clearly erroneous in the absence of other instructions rendering essential such causal connection. The record in this case discloses that other instructions were given to the extent that the jury was not misled as to the law requiring a causal connection to be shown.