Appellate Department, Superior Court, Los Angeles

164 P.2d 857]

[Crim. No. 2147. Jan. 2, 1946.]

THE PEOPLE, Respondent, v. EDGAR L. SMITH, Appellant.

Henry C. Huntington for Appellant.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.

KINCAID, J.—The defendant herein is charged with a violation of chapter 339, Statutes 1923 of the State of California (vol. 1, Deering's Cal. Gen. Laws, Act 1970, p. 864), in that, on or about June 9, 1945, within the city of Los Angeles, he did wilfully and unlawfully carry concealed within a vehicle, which said vehicle was then and there under his control and direction, a certain Colt pistol or revolver that was then and there capable of being concealed upon the person, without having a license to do so, and he not being a peace officer at the time of carrying said firearm in such vehicle. From the judgment of conviction thereof and the order denying a motion for a new trial the defendant appeals.

The evidence discloses that at about 1:30 a.m., of June 9, 1945, two police officers went to the defendant's hotel

room, located within the city of Los Angeles, and upon being admitted by the defendant searched the room and placed him under arrest. They were then taken by defendant to a parking lot located across the street from the hotel where an automobile was parked. The car was opened by means of keys which defendant had in his possession and which fitted the locks of the car, and therein was found a registration certificate bearing the name of defendant as the owner of the car. Upon the opening of the closed glove compartment within the automobile a .45 caliber revolver was found therein. The police officer witness further testified that he had not seen the defendant inside of said car nor had he seen the car in motion or on a public street. The defendant testified in his own defense only that parking accommodations on the lot were furnished by the hotel in connection with the rental of his hotel room.

Defendant objected to the introduction into evidence, by the police officer, of the following statement attributed to defendant as having been made by him at the time the revolver was found: "he 'had been taken' or robbed of $2000 and that he was looking for the man who did it." The objection was based mainly upon the claimed lack of proof of the corpus delicti as prohibiting the admissibility of extrajudicial confessions or admissions of a defendant. It is now well settled that slight or prima facie evidence is all that is necessary to prove the corpus delicti (*People* v. *Harshaw* (1945), 71 Cal.App.2d 146, 149 [161 P.2d 978]), and such proof may consist of testimony at the trial by the defendant himself. (*People* v. *Kaye* (1941), 43 Cal.App.2d 802, 810 [111 P.2d 679]; *People* v. *Kelly* (1925), 70 Cal.App. 519 [234 P. 110].)
 Tested by these standards the corpus delicti was sufficiently established to permit the defendant's admission to be received into evidence.

 Section 5 of the act provides, in part: "(I)t shall be unlawful for any person within this state to carry concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person without having a license to carry such firearm as hereinafter provided in section eight hereof." An automobile is included in this section as being a vehicle within which such a concealed weapon may not be carried. (*People* v. *Frost* (1932), 125 Cal.App. Supp. 794 [12 P.2d 1096].)

■ Such being the case, the sole remaining question before us is whether, under the evidence as here presented, and in the absence of any dirct showing that the involved automobile was or had been moving, the concealed revolver was being *carried* within such vehicle in violation of such act.

Webster's New International Dictionary, second edition, defines the word "carry," in one sense, to mean: "To have upon or about one's person; hold. To hold or bear; to bear. To act as a bearer." Used in the active transitive sense, the word "carry" has been said to connote transportation (13 C.J.S. 1763), but when used in the general sense of carrying arms or carrying weapons the word means "going armed, wearing weapons." (13 C.J.S. 1765; 10 C.J. 1243.)

Several cases from other states have construed the word "carry" in connection with statutes making it a crime to carry concealed weapons on or about the person. The early case of *Owen* v. *State* (1858), 31 Ala. 387, 389, held that locomotion is not essential to constitute a carrying within the meaning of the statute and if concealed possession on the person is proved it is not necessary to further prove that the defendant moved about nor that he had possession of the pistol when he entered or left the room. This holding was followed in the later Alabama case of *Thomas* v. *State* (1913), 9 Ala.App. 67 [64 So. 192, 193], where it was held that one could be guilty of carrying a concealed weapon even though he had not walked a single step. The defendant there argued that the word "carry" necessarily means and embodies the act of locomotion, but the court said: "This argument is fallacious, and might properly be said to have *carried*, or had, no weight with the trial court. The word 'carries' or the words 'to carry,' as used in the statutes defining the offense . . ., are used in the sense of to have concealed about the person, or to bear concealed about the person; and it is necessary to a conviction of this offense only that the concealed weapon be so connected with the person that the locomotion of the body would carry with it the weapon as concealed." To the same effect see *Danal* v. *State* (1916), 14 Ala.App. 97 [71 So. 976].

The Supreme Court of Ohio in the case of *State* v. *Nieto* (1920), 101 Ohio St. 409 [130 N.E. 663], came to the same general conclusion in a case wherein the defendant was lying on a bunk in a bunkhouse when the officers searched him and found a pistol concealed in his pocket.

A defendant was convicted of violating a similar statute in the Texas case of *Emerson* v. *State* (1916), 80 Tex.Cr. 354 [190 S.W. 485], when the officers found the defendant sitting in a motionless buggy and on searching the vehicle found a pistol concealed in a box under the seat cushion.

Under the California act here before us, the Legislature has seen fit to extend the prohibition of carrying any concealed weapon of the designated class to "within any vehicle" as well as "upon his person." We see no reason why the same general interpretation of the meaning of the word "carry" as applied to the person should not equally apply to a vehicle. By including vehicles in the manner and place as contained in such act, the Legislature must have intended to likewise make it unlawful for any person to bear or hold about such vehicle any concealed weapon of the designated class in any way or fashion so connected with such vehicle that the locomotion of it would carry with it the weapon as concealed. (*Thomas* v. *State, supra.*)

We are not dissuaded from this conclusion by the case of *In re Bergen* (1923), 61 Cal.App. 226 [214 P. 521], as, so far as the matters before us are concerned, such case overlooked the authorities upon which we here rely, and we interpret the cases there listed as failing to support the proposition for which they are cited.

The trial court was also entitled to infer from defendant's own testimony to the effect that the parking lot accommodations were furnished him as a part of the services to guests by his hotel, as well as from the fact the car was registered to him as owner and he was possessed of the keys to its locked doors and ignition, that such vehicle had been driven to and parked there by defendant. From these facts, as well as the evidence of the admission by the defendant at the time of the finding of the revolver to the effect that he had been robbed of $2,000 and he was looking for the man who did it, the court was justified in inferring that the weapon belonged to defendant and had been concealed by him in the closed glove compartment of the vehicle, and had been and was then being carried so concealed in such automobile. Such facts and inferences support the conclusion of the trial court in holding the defendant guilty of a violation of the act in question as charged in the complaint.

The judgment and order appealed from are affirmed.

Shaw, P. J., and Bishop, J., concurred.