Lamar **MOSELY**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1964.

William C. Jacobs, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Charles L. Calk, Lexington, for appellee.

MOREMEN, Judge.

Appellant, Lamar Mosely, was convicted of carrying concealed about his person a deadly weapon and was sentenced to confinement for a period of two years.

The only witness who testified in this case was Sergeant Brown of the Lexington City Police Department. He stated that on February 22, 1963, at about 11:30 p. m. he observed appellant standing at the corner of Third and Deweese Streets in Lexington. The Sergeant drove on down the street and was in the process of making a turn when he heard a shot. He "observed this muzzle flash on a shining object, which, upon later investigation, contained this pistol right here." He stated: "As I jumped out of the vehicle and approached the defendant he at that time was in the process of putting the gun in his pocket. He had on at that time a government issue field jacket, the type that has the large pockets there. The gun at that time was completely concealed down there. You could not see any part of the weapon." Thereupon he

arrested appellant, charged him with breach of peace, searched him and removed a chrome plated pistol from his pocket. The pistol had two live rounds and three empty shells in the cylinder. He was thereafter indicted under KRS 435.230.

Appellant urges as grounds for reversal that the court erred in failing to direct a verdict in his favor, because (a) the Commonwealth failed to prove that the deadly weapon was capable of being fired and (b) because there was no evidence that the weapon was ever carried or transported from one place to another.

In Couch v. Commonwealth, Ky., 255 S.W.2d 478, and Prince v. Commonwealth, Ky., 277 S.W.2d 470, it was stated that a pistol is a deadly weapon per se and when the Commonwealth has proved that the accused had such a weapon concealed on or about his person it has made out a case and if the weapon was in such a defective condition that it could not be fired, the burden was upon the accused to prove such a fact in the way of an affirmative defense. Counsel for appellant faces up to the fact that such is the law in this state, but suggests that the cases should be overruled and the burden placed upon the Commonwealth. We have been offered no sound reason for such action.

In connection with appellant's contention that the court should have directed a verdict because there was no evidence that the weapon was ever carried or transported from one place to another, reliance is placed upon the case of Avery v. Commonwealth, 223 Ky. 248, 3 S.W.2d 624, where during a general discussion of the elements which must be established to warrant conviction under the concealed weapon statute, this statement is made:

"To 'carry' the weapon means that it must be on the person or so connected or annexed to the person that the weapon is carried along as the person moves. If it is in the pocket or in the clothing of the person, or if

it is in some receptacle attached to or carried by the person as he moves, he is carrying the weapon."

It may be noted that the definition is concerned with the connection or attachment to the body of the person. It does not mean that if the weapon is concealed and annexed to the body or in a receptacle held by such person that the person must move in order to be carrying the weapon.

In a concise memorandum opinion in Commonwealth v. Walker, 7 Ky.Law Rep. 219, this is said: "The word 'carry' in the statute does not imply locomotion; it is a synonym of 'bear'." The word has been so defined in other states. In Danal v. State, 14 Ala.App. 97, 71 So. 976, it was said: "The word, 'carry' as used (in the statute) prohibiting the carrying of a pistol, means the bearing of arms * * *. One may 'carry' or bear arms on his person 'without moving out of his tracks'; it does not necessarily import or imply the idea of locomotion." A similar definition may be found in Thomas v. State, 9 Ala.App. 67, 64 So. 192, and State v. Nieto, 101 Ohio St. 409, 130 N.E. 663.

Judgment affirmed.