RENDERED: SEPTEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0114-MR

ANTHONY WEBB                                                 APPELLANT


                     APPEAL FROM NELSON CIRCUIT COURT
v.             HONORABLE JOSEPH GUINAN BALLARD, JUDGE
                          ACTION NO. 21-CR-00444


COMMONWEALTH OF KENTUCKY                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Anthony Webb, appeals the Nelson Circuit Court's

denial of his motion for a directed verdict. We affirm.

## BACKGROUND

Appellant is a convicted felon and, thus, not legally allowed to possess a firearm pursuant to KRS[1] 527.040. Unbeknownst to him, his 16-year-old son, Alex, bought a firearm and brought it into Appellant's home.

On October 10, 2021, Appellant and his wife, Angel, got into an argument that turned into a physical altercation between the two. The fight started in their bedroom but moved throughout the house. At some point, Angel disengaged from Appellant, and went to Alex's room and asked him for help. Appellant entered Alex's room, and he and Angel, again, became violent with one another. In response, Alex retrieved his firearm and pointed it at his father. Appellant and Alex fought until Appellant took the gun away from his son. Angel and Alex then both fled from the house and called law enforcement. They then returned home.

When law enforcement arrived, Appellant came out of the house onto the lawn with the gun in his hand. He dropped it at law enforcement's request and repeatedly told officers the gun did not belong to him. However, the Commonwealth charged Appellant with being a felon in possession of a handgun pursuant to KRS 527.040.

---

[1] Kentucky Revised Statutes.

Appellant and his son testified to the above facts. Alex further testified to purchasing the gun because of the company he kept but could not recall from whom he purchased the gun. He also said he attempted to fire the gun, but it did not fire.

At the close of trial, Appellant moved for a directed verdict, arguing the Commonwealth failed to prove the operability of the firearm. The Nelson Circuit Court denied this motion and the jury convicted Appellant of being a felon in possession of a firearm. The Commonwealth and Appellant then bargained a plea that Appellant would serve a 7-year sentence.

This appeal follows.

## ANALYSIS

Appellant brings two claims of error. First, Appellant argues the Commonwealth failed to prove the firearm was operable. This argument is preserved as it was made at the close of trial in support of Appellant's motion for a directed verdict. Second, Appellant claims the Commonwealth failed to prove he was in possession of a firearm because of the choice-of-evils defense. This argument is unpreserved, and the court will review this claim for palpable error.

*1. The Operability of the Firearm.*

Appellant contends he is entitled to a directed verdict because the Commonwealth failed to prove the firearm was operable. The Commonwealth

does not have the burden of proving Appellant's defense; instead, Appellant must have presented some non-speculative evidence that the handgun was inoperable.

When reviewing a circuit court's denial of a directed verdict motion, "the role of an appellate court is limited to determining whether the trial court erred in failing to grant the motion for a directed verdict." *Bierman v. Klapheke*, 967 S.W.2d 16, 18 (Ky. 1998). We consider "[a]ll evidence which favors the prevailing party . . . as true[,] and the reviewing court is not at liberty to determine [the] credibility or the weight [of] the evidence . . . . The prevailing party is entitled to all reasonable inferences which may be drawn from the evidence." *Id.*

We note that "[a] reviewing court is rarely in as good a position as the trial judge . . . to decide whether a jury can properly consider the evidence presented." *Id.* Thus, we cannot substitute our own judgment for the circuit court's judgment. Nevertheless, "a trial judge cannot enter a directed verdict unless there is a complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." *Id.* at 18-19. *See also Auslander Props., LLC v. Nalley*, 558 S.W.3d 457, 468 (Ky. 2018); *Wright v. Carroll*, 452 S.W.3d 127, 132 (Ky. 2014); *Morris v. Boerste*, 641 S.W.3d 688, 698 (Ky. App. 2022). Finally, "[t]he decision of the trial court will stand unless it is determined that 'the verdict rendered is palpably or flagrantly against the evidence so as to indicate that it was reached as a result of passion or prejudice.'" *Indiana*

*Ins. Co. v. Demetre*, 527 S.W.3d 12, 25 (Ky. 2017) (internal quotation marks omitted) (quoting *Lewis v. Bledsoe Surface Mining Co.*, 798 S.W.2d 459, 461 (Ky. 1990)).

While it is true "[t]he Commonwealth has the burden of proving every element of the case beyond a reasonable doubt[;]" it is also true that "[t]he defendant has the burden of proving an element of a case only if the statute which contains that element provides that the defendant may prove such element in exculpation of his conduct." KRS 500.070.

Relevant here, KRS 527.040 states: "A person is guilty of possession of a firearm by a convicted felon when he possesses, manufactures, or transports a firearm when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted . . . ." KRS 527.040(1). KRS 527.010(4) defines a firearm as "any weapon which will expel a projectile by the action of an explosive." Additionally, KRS 527.010(5) defines a handgun as "any pistol or revolver originally designed to be fired by the use of a single hand, or any other firearm originally designed to be fired by the use of a single hand."

There is a general presumption that all handguns are operational. *See Campbell v. Commonwealth*, 260 S.W.3d 792 (Ky. 2008). As the Kentucky Supreme Court stated, "[I]n *Campbell v. Commonwealth*, 260 S.W.3d 792 (Ky. 2008), we recently held that the KRS 527.010(4) definition of 'firearm'

incorporates the pre-penal code presumption that guns work." *Commonwealth v. Jones*, 283 S.W.3d 665, 670 (Ky. 2009) (citations omitted). The burden of overcoming that pre-penal code presumption is borne by the defendant by proof of the gun's inoperability. *Mosely v. Commonwealth*, 374 S.W.2d 492 (Ky. 1964); *Jones*, 283 S.W.3d at 670. Thus, "the Commonwealth does not have the burden of proving firearm operability but rather the defense may raise inoperability as an affirmative defense. Proof of operability, therefore, or jury instructions requiring a finding that a firearm actually works are not necessary unless there is non-speculative evidence at trial which calls the presumption into reasonable doubt." *Jones*, 283 S.W.3d at 670-71 (citation omitted).

Thus, Appellant is mistaken that the Commonwealth must prove beyond a reasonable doubt that the handgun was operational. Appellant must produce some non-speculative evidence to overcome the presumption it operates. Here, the only evidence that the firearm did not operate came from Alex, Appellant's son. Alex testified that he tried to fire the gun at one point, but it failed to successfully fire. This appears to be the entirety of the evidence Appellant presented for his defense. Alex used the gun to threaten Appellant, behaving as though it was a functioning weapon. Given the record as a whole, the evidence is speculative and supports the inference of operator error equally as well as a permanent mechanical inoperability. Having failed to meet his burden, we are

not persuaded Appellant was entitled to a directed verdict. The Nelson Circuit Court did not err in denying it.

## 2. Appellant's Possession of a Handgun.

Next, Appellant argues the Commonwealth failed to prove Appellant was in possession of a firearm because of the choice-of-evils defense. This argument is unpreserved, but Appellant asks this Court to undergo palpable error review pursuant to RCr[2] 10.26.

"A palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that *manifest injustice* has resulted from the error." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006) (emphasis added in *Martin*) (quoting RCr 10.26). A determination of "manifest injustice" is a relatively high threshold for an appellant to clear:

> A palpable error must involve prejudice more egregious than that occurring in reversible error[.] A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings. Thus, what a palpable error analysis boils down to is whether the reviewing court believes there is a substantial possibility that the result in the case would have been different without the error.

---

[2] Kentucky Rules of Criminal Procedure.

*Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (internal quotation marks and citations omitted). "To discover manifest injustice, a reviewing court must plumb the depths of the proceeding . . . to determine whether the defect in the proceeding was shocking or jurisprudentially intolerable." *Martin*, 207 S.W.3d at 4.

Appellant argues his handling of the firearm did not constitute possession for purposes of KRS 527.040 because of the choice-of-evils defense. The court did read a jury instruction on the choice-of-evils defense prior to submitting the case to the jury. Pursuant to KRS 503.030:

> (1) Unless inconsistent with the ensuing sections of this code defining justifiable use of physical force or with some other provisions of law, conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury which is sought to be prevented by the statute defining the offense charged, except that no justification can exist under this section for an intentional homicide.
>
> (2) When the defendant believes that conduct which would otherwise constitute an offense is necessary for the purpose described in subsection (1), but is wanton or reckless in having such belief, or when the defendant is wanton or reckless in bringing about a situation requiring the conduct described in subsection (1), the justification afforded by this section is unavailable in a prosecution for any offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.

KRS 503.030. This defense requires that the defendant have nearly no legal recourse available to him prior to committing an unlawful act. As the Kentucky

Supreme Court explained: "the danger presented to the defendant must be compelling and imminent, constituting a set of circumstances which affords him little or no alternative other than the commission of the act which otherwise would be unlawful." *Senay v. Commonwealth*, 650 S.W.2d 259, 260 (Ky. 1983).

Fatal, though, to Appellant's argument here is the second section of KRS 503.030, which, in effect, requires that the defendant take no part in creating the illegal situation he insists compelled him to break the law. KRS 503.030(2). Here, Webb precipitated the circumstances. He and his wife fought until the situation escalated into a physical altercation. Angel left Appellant's presence, but he pursued her, compelling his son to intervene. Withdrawal presented itself as an option more than once, but Appellant did not take it, choosing instead to take possession of a firearm in violation of the law.

Having failed to satisfy the requirements of KRS 503.030 on undisputed facts compelling a finding of the defense as a matter of law, it was not error for the circuit court to instruct the jury on the choice-of-evils defense as it did, and to allow the jury to decide if the evidence supported the defense provided in KRS 503.030. They concluded it did not.

No manifest injustice took place in the circuit court proceedings.

## CONCLUSION

The Nelson Circuit Court did not err when it denied Appellant's motion for a directed verdict.  Additionally, having undergone palpable error review, no manifest injustice exists concerning Appellant's possession of the handgun; Appellant was not entitled to a directed verdict on the choice-of-evils defense.

Finding no error, we affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky